# EXHIBIT A

1 | **RAKESTRAW LAW, L.L.C.**
Leslie Rakestraw #010697
2 | 241 West Portland Street
Phoenix, Arizona 85003
3 | Telephone: (480) 225-3960
E-mail: l_rakestraw@yahoo.com
4 | Attorney for the Plaintiffs
Daniel Kruger and Tami Kapphahn
5 |
6 | **IN THE UNITED STATES DISTRICT COURT**
7 | **FOR THE DISTRICT OF ARIZONA**
8 | DANIEL KRUGER and TAMI
9 | KAPPHAHN,
10 |                              Plaintiffs,       NO: CV 11-113-PHX-GMS
11 | vs.
12 | United Service Automobile       **PLAINTIFFS' RESPONSES TO**
Association, an insurance company;   **USAA'S REQUESTS FOR**
13 | John and Jane Does I-X; ABC      **ADMISSION**
Corporations 1-5; XYZ Partnerships 1-
14 | 5; and QRS Limited Liability
Companies 1-5,
15 |                              Defendants.

16 | Plaintiffs, Daniel Kruger and Tami Kapphahn, hereby Respond to Defendant's

17 | Requests for Admission and Interrogatory which were dated June 9, 2011, as follows:

18 | **RESPONSES TO REQUESTS FOR ADMISSION**

19 | REQUEST NO. 1:

20 | Admit that on or about June 14, 2005, Tami Kapphahn electronically contacted

21 | USAA Casualty Insurance Company ("USAA CIC") through its self-service Auto Policy

22 | Service Center and requested an automobile policy quote to add Daniel Kruger and

23 | Daniel Kruger's automobile to the USAA CIC policy, policy no. 01644 12 00C 7102 9

24 | ("Policy") issued to Tami Kapphahn.

25 |              Admit   **X**        Deny _____

26 | REQUEST NO. 2:

27 | Admit that when Tami Kapphahn electronically contacted USAA CIC through its

28 |

self-service Auto Policy Service Center in June, 2005, she informed USAA CIC that she was living with Daniel Kruger.

Admit __X__          Deny _____

**Plaintiffs admit that Tami Kapphahn notified Defendant that she was living with Dan Kruger as early as June, 2005. Plaintiffs deny that Ms. Kapphahn intended to make changes to her policy at that time.**

REQUEST NO. 3:

Admit that the document bates stamped USAA/KRUGER 000491, attached and marked Exhibit A, is a true and complete copy of a June 14, 2005 electronic message that was received by Tami Kapphahn.

Admit _____          Deny _____

**Plaintiffs are unable to either admit or deny this request because the document was not attached.**

REQUEST NO. 4:

Admit that Tami Kapphahn never telephoned or otherwise followed up with USAA CIC in response to USAA CIC's June 14, 2005 electronic message requesting she contact USAA CIC about her request for a quote to add Daniel Kruger and Daniel Kruger's automobile to the policy.

Admit __X__          Deny _____

REQUEST NO. 5:

Admit that on September 19, 2006, Tami Kapphahn called USAA CIC to inquire if she could add Daniel Kruger and Daniel Kruger's automobile to the policy.

Admit __X__          Deny _____

REQUEST NO. 6:

Admit that on September 19, 2006, Tami Kapphahn notified USAA CIC that Daniel Kruger had automobile insurance coverage with AIG.

Admit __X__          Deny _____

REQUEST NO. 7:

1  Admit that on September 19, 2006, USAA CIC provided USAA CIC's eligibility

2  requirements to Kapphahn for Daniel Kruger to be insured under the Policy issued o

3  Tami Kapphahn.

4  Admit __X__  Deny _____

5  **Plaintiffs further state that the only eligibility requirement that was given was**
   **that USAA would not insure a vehicle that was solely owned by Daniel Kruger**
6  **unless Tami and Daniel were married.**

7  REQUEST NO. 9:

8  Admit that Tami Kapphahn and Daniel Kruger jointly purchased a 2006 Dodge

9  Caravan, VIN ID4GP45R06B629380, on or about June 18, 2007.

10  Admit __X__  Deny _____

11  REQUEST NO. 10:

12  Admit that the document bates stamped USAA/KRUGER 000300-000307,

13  attached and marked Exhibit B, is a true and complete copy of the Automobile Policy

14  Packet received by Tami Kapphahn for policy period June 18, 2007 to August 12, 2007.

15  Admit _____  Deny _____

16  **Plaintiffs are unable to either admit or deny this request because the**
    **document was not attached.**
17

18  REQUEST NO. 11:

19  Admit Tami Kapphahn discussed the coverage provided by endorsement A073(04)

   entitled "Additional Covered Person Endorsement" with a USAS CIC's Policy Service
20
   Representative when she called USAA CIC to delete the 2000 Dodge Neon listed on the
21
   Policy and add the 2006 Dodge Caravan to the Policy.
22

23  Admit _____  Deny __X__

   **Tami Kapphahn will testify that she did not discuss the coverage provided by**
24  **the endorsement with any USAA representative.**

25  REQUEST NO. 12:

26  Admit Tami Kapphahn informed USAA CIC's Policy Service Representative that

27  she was the primary user of the 2006 Dodge Caravan when she called to add the 2006

28                                        3

Dodge Caravan to the Policy.

Admit __X__    Deny _____

REQUEST NO. 13:

Admit Tami Kapphahn informed USAA CIC's Policy Service Representative that Danial Kruger owned a Dodge Stratus which was Mr. Kruger's primary vehicle when she called to request that USAA CIC delete the 2000 Dodge Neon and add the 2006 Dodge Caravan to the Policy.

Admit _____    Deny __X__

**Tami Kapphahn will testify that she did not call USAA to change the vehicles, but that this information was provided to USAA online.**

REQUEST NO. 14:

Admit Tami Kapphahn informed USAA CIC's Policy Service Representative that Daniel Kruger's Dodge Stratus was insured by a separate carrier at the time she called to request that USAA CIC delete the 2000 Dodge Neon and add the 2006 Dodge Caravan to the Policy.

Admit _____    Deny __X__

**Tami Kapphahn will testify that she did not call a USAA representative at this time, but that this transaction was performed with USAA online via its website.**

REQUEST NO. 15:

Admit USAA CIC's Policy Service Representative informed Tami Kapphahn that USAA CIC offered automobile insurance coverage for cohabitants for an additional premium, provided that the cohabitant meets USAA CIC's underwriting requirements, when she called to request that USAA CIC delete the 2000 Dodge Neon and add the 2006 Dodge Caravan to the Policy.

Admit _____    Deny __X__

REQUEST NO. 16:

Admit USAA CIC's Policy Service Representative informed Tami Kapphahn that she would have to pay an additional premium if she wanted to purchase coverage for

4

Daniel Kruger when she called to request that USAA CIC delete the 2000 Dodge Neon and add the 2006 Dodge Caravan to the Policy.

Admit _____     Deny _**X**___

REQUEST NO. 17:

Admit that Tami Kapphahn declined coverage for Daniel Kruger beyond the liability coverage provided by endorsement A073(04) entitled "Additional Covered Person Endorsement" when she called to request that USAA CIC delete the 2000 Dodge Neon and add the 2006 Dodge Caravan to the Policy.

Admit _____     Deny _**X**___

**Plaintiff Tami Kapphahn had no intention of limiting this coverage and has no knowledge that she did anything affirmatively to do so.**

REQUEST NO. 18:

Admit that Tami Kruger [sic] and Daniel Kruger lived together from 2006 until the date of the accident on April 7, 2010.

Admit _**X**___     Deny _____

**Plaintiffs further state that they have lived together longer than this time frame.**

REQUEST NO. 19:

Admit that as of the April 7, 2010 accident, Tami Kruger [sic] and Daniel Kruger were not related by blood, marriage or adoption.

Admit _**X**___     Deny _____

REQUEST NO. 20:

Admit that at the time of the April 7, 2010 accident, Daniel Kruger was a passenger in a black Honda Prelude which was owned and being driven by his friend Jeremy Ramsey.

Admit _**X**___     Deny _____

REQUEST NO. 21:

Admit that at the time of the April 7, 2010 accident, Daniel Kruger had his own

5

automobile policy through Esurance, policy no. PAAZ-002501476, and that Tami Kapphahn was not a named insured under the Esurance policy and the 2006 Dodge Caravan was not listed as an insured vehicle.

Admit **X**          Deny _____

REQUEST NO. 22:

Admit that on April 7, 2010, Daniel Kruger had automobile insurance coverage through Esurance, policy no. PAAZ-002501476, and the Esurance policy provided uninsured motorist coverage and underinsured motorist coverage for Mr. Kruger.

Admit **X**          Deny _____

REQUEST NO. 23:

Admit that from 2007 to April 7, 2010, Daniel Kruger purchased and maintained separate automobile insurance coverage for himself from AIG and then from Esurance.

Admit **X**          Deny _____

**Plaintiffs further state that Daniel Kruger purcased and maintained separate automobile insurance coverage only on the Stratus because his ownership of the vehicle and the Plaintiffs marital status were limiting factors.**

REQUEST NO. 24:

Admit that Tami Kapphahn was not individually harmed or damaged by USAA CIC's denial of Plaintiff Daniel Kruger's underinsured motorist and medical payments claims.

Admit _____          Deny **X**

**Plaintiffs have a household family budget and what affects Daniel and his finances also affects Tami and her finances.**

REQUEST NO. 26:

Admit Plaintiff Tami Kapphahn never paid any premiums to USAA CIC to obtain automobile insurance coverage for Daniel Kruger.

Admit _____          Deny **X**

**Plaintiffs thought the premiums they were paying to USAA were for insurance coverage for both of them with USAA.**

6

REQUEST NO. 27:

Admit USAA CIC never made any verbal statements to Tami Kapphahn that the Policy provided equal amounts of coverage forher and for Daniel Kruger.

Admit __X__        Deny _____

INTERROGATORY NO. 1:

If the response to any of the above Requests for Admission is other than an unqualified admission, state all of the facts in support of your response(s) and provide all disclosures as required under Rule 26.

**See responses directly following the specific Request.**

DATED this /2H/day of July, 2011.

RAKESTRAW LAW, L.L.C.

Leslie Rakestraw
241 West Portland Street
Phoenix, Arizona 85003
Attorney for the Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this /2H/day of July, 2011, I mailed the original of the foregoing document to:

Timothy R. Hyland
Connie T. Gould
KUNZ PLITT HYLAND DEMLONG & KLEIFIELD
3838 North Central Avenue, Suite 1500
Phoenix, Arizona 85012-1902
Attorneys for Defendant USAA Casualty Insurance Company

By: Leslie Rakestraw

7

**EXHIBIT B**

# ARIZONA TRAFFIC ACCIDENT REPORT

**Agency Report Number**
**1006093**

| | ADOT USE ONLY | REPORT ID | |
|---|---|---|---|

**1** POLICE ONLY - FORWARD COPY TO ADOT TRAFFIC RECORDS SECTION 054R 205 S. 17S AVE., PHOENIX, ARIZONA 85007-3213

| YEAR | MONTH | DAY | HOUR | NCIC NO. | OFFICERS ID |
|---|---|---|---|---|---|
| 2010 | 04 | 07 | 13 05 | 0723 | 6420 |

Total No. Of Sheets 3

**2** COMPLETE THE FOLLOWING SUPPLEMENT IF ANY ☑ (circle) OR (x) ANY ☑ (diamond) ARE CHECKED

| Total Units 2 | Total Injured 3 | Total Fatalities 0 | |
|---|---|---|---|

**3** **LOCATION**

On (City/Hwy/Road/Street) **W JEFFERSON ST**

☑ Inside City / ☐ Outside City **PHOENIX**

County **01 - MARICOPA**

Intersecting Road/Hwy, R.P.
☑ At ☐ From **N/B BLACK CANYON ACCESS**

**4 TRAFFIC UNIT NO. 1**

| State AZ | Class D | End. | Number B13536571 | ☑ DL # ☐ SSN ☐ Both | Permit Type | Name JEREMY DAVID RAMSEY | | Sex M | Inj 3 |

Restrictions | Date of Birth 12/18 | Street 8587 N 83 DR | City PEORIA | State AZ | ZipCode 85345 | Telephone Number (602) 295-8855

Plate Number 844YMB | State AZ | Month | Year 2011 | ☑ Same as Driver | Owner/Carrier/Name | Street | City | State | Zip Code

Style **PASSENGER CAR, MEDIUM** | Make **HOND** | Color **BLK** | Year **1995** | VIN **JHMBB2155SC001007** | Safety Device Code

Removed To **SHAMROCK** | ☑ Disabled ☐ Not Disabled | Removed By **SHAMROCK** | Orders Of **POLICE** | Posted Speed 35 | Est Speed 25

Insurance Carrier **PROGRESSIVE** | Telephone Number (800) 778-4737 | Policy Number 78002111-4 | Eff Date / Exp Date 061710

Trailer (Other Unit) Plate No. | State | Year | Description of Trailer or Other Unit | GVW (Registered) of Power Unit Greater than 10k pounds? ☑ Yes ☐ No | Hazmat Placard? ☑ Yes ☐ No 4-Digit ___ 1-Digit ___ | Was Hazmat Cargo ☐ Yes ☑ No

**4 TRAFFIC UNIT NO. 2**

| State AZ | Class D | End. | Number D03763898 | ☑ DL # ☐ SSN ☐ Both | Permit Type | Name ROBERT LYLE DEARTH | | Sex M | Inj 2 |

Restrictions | Date of Birth 12/19 | Street 4330 W BUTLER AV | City GLENDALE | State AZ | ZipCode 85302 | Telephone Number

Plate Number AGE8478 | State AZ | Month | Year 2011 | ☑ Same as Driver | Owner/Carrier/Name | Street | City | State | Zip Code

Style **PICK-UP TRUCK (INCLUDING** | Make **FORD** | Color **BLK** | Year **2008** | VIN **1FTXW43R08EA41206** | Safety Device Code 3

Removed To **SHAMROCK** | ☑ Disabled ☐ Not Disabled | Removed By **SHAMROCK** | Orders Of **DRIVER** | Posted Speed 35 | Est Speed 35

Insurance Carrier **STATE FARM** | Telephone Number (623) 925-3333 | Policy Number 142 5835-F01-03 | Eff Date / Exp Date 120109 060110

Trailer (Other Unit) Plate No. | State | Year | Description of Trailer or Other Unit | GVW (Registered) of Power Unit Greater than 10k pounds? ☑ Yes ☐ No | Hazmat Placard? ☑ Yes ☐ No 4-Digit ___ 1-Digit ___ | Was Hazmat Cargo ☐ Yes ☑ No

**4 TRAFFIC UNIT NO.**

| State | Class | End. | Number | ☐ DL # ☐ SSN ☐ Both | Permit Type | Name | | Sex | Inj |

Restrictions | Date of Birth | Street | City | State | ZipCode | Telephone Number

Plate Number | State | Month | Year | ☐ Same as Driver ☐ Other | Owner/Carrier/Name | Street | City | State | Zip Code

Style | Make | Color | Year | VIN | Safety Device Code

Removed To | ☐ Disabled ☐ Not Disabled | Removed By | Orders Of | Posted Speed Limit | Est Speed

Insurance Carrier | Telephone Number | Policy Number | Eff Date / Exp Date

Trailer (Other Unit) Plate No. | State | Year | Description of Trailer or Other Unit | GVW (Registered) of Power Unit Greater than 10k pounds? ☐ Yes ☐ No | Hazmat Placard? ☐ Yes ☐ No 4-Digit ___ 1-Digit ___ | Was Hazmat Cargo ☐ Yes ☐ No

**5 PASSENGERS**

Seating Position:
10 Not in Passenger Compartment
11 Motorcycle, Bus
12 Other
13 Unknown
14 Pedalcyclist

Safety Devices:
1 None Used
2 Lap belt
3 Lap & shoulder
4 Airbag deployed
5 Child restraint
6 Protective helmet
7 Passive belt
8 Passive & lap
9 Other
0 Unknown

Injury Severity Codes:
1 - No Injury
2 - Possible Injury
3 - Non Incapacitating Injury
4 - Incapacitating Injury
5 - Fatal Injury
6 - Not Reported / Unknown

| Unit # | Seat Pos | SD | Name | Address | City | State | Zip Code | Age | Sex | Inj |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 3 | 3 | DAN KRUGER | 1641 W BUCHANON | PHX | AZ | 85009 | 35 | M | 4 |

**6** Other Property Damage (Describe) **SIGNAL LIGHT POLE ON REC SCRAPED**

Owner's Name **CITY OF PHOENIX** | Address **200 W WASHINGTON ST**

**7 WITNESSES**

| Name JOSE F HURTADO | Address 2002 N 47 AV | City PHX | State AZ | Zip Code 85033 | Telephone Number (602) 603-0394 | Age 22 |
| Name JORGE HURTADO | Address 2002 N 47 AV | City PHX | State AZ | | Telephone Number (602) 603-0394 | Age 53 |

**8** Officer's Signature and ID Number M.A. KENSY 6420

Photographer's name, ID Number, and Agency

Taken ☑ Yes ☐ No | ☐ Station ☑ Scene | Date Filmed 4/7/2010 | Time Printed 13:18

Agency **Phoenix Police Department** | Date Completed 4/7/2010

FORM 01-2704 R00 FRONT

SEE ATTACHED DIAGRAM                                    100506077

FIRST HARMFUL EVENT: 10 - Collision with Other Motor Vehicle
LANE:
CONTROL:
TRAFFIC WAY 1 - Roadway/Alley

1006093

**13 - DESCRIBE WHAT HAPPENED**

VEH 1 WAS E/B ON JEFFERSON ST IN #3 LANE AND FAILED TO STOP AT RED SIGNAL LIGHT AND WAS STRUCK BY VEH 2 WHICH WAS N/B ON
I-17 ACCESS RD IN #1 LANE.

INJURED TAKEN TO / BY

JEREMY RAMSEY ST JOES/R21 C SHIFT.  ROBERT DEARTH WILL SEEK OWN CARE.  DAN KRUGER ST JOES/R 21 C SHIFT.



PHOENIX PD 004



PHOENIX PD 005

**EXHIBIT C**

PROGRESSIVE
P.O. BOX 31260
TAMPA, FL 33631



JEREMY D RAMSEY
MEI L RAMSEY
9587 N 83RD DR
PEORIA, AZ 85345

**Policy number: 76002111-4**
Underwritten by:
Progressive Advanced Insurance Co
November 24, 2009
Policy Period: Dec 17, 2009 - Jun 17, 2010
Page 1 of 3

**progressive.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim.

**800-PROGRESSIVE  (800-776-4737)**
For customer service and claims service,
24 hours a day, 7 days a week.

# Auto Insurance
# Coverage Summary
# This is your Renewal
# Declarations Page

The coverages, limits and policy period shown apply only if you pay for this policy to renew.

Your coverage begins on December 17, 2009 at 12:01 a.m. This policy expires on June 17, 2010 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle. The policy contract is form 9610D AZ (07/05). The contract is modified by forms Z357 AZ (03/07), Z346 AZ (04/08) and Z538 (10/08).

## Drivers and household residents

| | Additional information |
|---|---|
| JEREMY D RAMSEY | Named insured |
| MEI L RAMSEY | Named insured |

## Outline of coverage

**2001 Ford F150 CW**

| VIN 1FTRW08L41KD50306 | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $245.41 |
| Bodily Injury Liability | $15,000 each person/$30,000 each accident | | |
| Property Damage Liability | $25,000 each accident | | |
| Uninsured Motorist | $15,000 each person/$30,000 each accident | | 15.00 |
| Underinsured Motorist | $15,000 each person/$30,000 each accident | | 6.00 |
| Medical Payments | $10,000 each person | | 39.00 |
| Comprehensive | Actual Cash Value | $500 | 110.00 |
| Full Comprehensive Window Glass | | $0 glass | |
| Collision and Rental | | | 109.00 |
| Collision | Actual Cash Value | $500 | |
| Rental Reimbursement | up to $30 each day/maximum 30 days | | |
| Roadside Assistance | | | 5.00 |
| Total premium for 2001 Ford | | | **$529.41** |

### 1995 Honda Prelude Si/Sr CP

| VIN JHMBB2155SC001007 | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $148.00 |
| Bodily Injury Liability | $15,000 each person/$30,000 each accident | | |
| Property Damage Liability | $25,000 each accident | | |
| Uninsured Motorist | $15,000 each person/$30,000 each accident | | 16.00 |
| Underinsured Motorist | $15,000 each person/$30,000 each accident | | 6.00 |
| Medical Payments | $10,000 each person | | 56.00 |
| Comprehensive | Actual Cash Value | $500 | 143.00 |
| Full Comprehensive Window Glass | | $0 glass | |
| Collision and Rental | | | 104.00 |
| Collision | Actual Cash Value | $500 | |
| Rental Reimbursement | up to $30 each day/maximum 30 days | | |
| Roadside Assistance | | | 5.00 |
| Total premium for 1995 Honda | | | **$478.00** |

### 2009 Nissan Murano S/Sl

| VIN JN8AZ18U99W025713 | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $194.00 |
| Bodily Injury Liability | $15,000 each person/$30,000 each accident | | |
| Property Damage Liability | $25,000 each accident | | |
| Uninsured Motorist | $15,000 each person/$30,000 each accident | | 18.00 |
| Underinsured Motorist | $15,000 each person/$30,000 each accident | | 7.00 |
| Medical Payments | $10,000 each person | | 45.00 |
| Comprehensive | Actual Cash Value | $500 | 157.00 |
| Full Comprehensive Window Glass | | $0 glass | |
| Collision and Rental | | | 204.00 |
| Collision | Actual Cash Value | $500 | |
| Rental Reimbursement | up to $30 each day/maximum 30 days | | |
| Roadside Assistance | | | 5.00 |
| Total premium for 2009 Nissan | | | **$630.00** |

| | | |
|---|---|---|
| **Total 6 month policy premium** | | **$1,637.41** |
| Discount if paid in full | | -314.41 |
| **Total 6 month policy premium if paid in full** | | **$1,323.00** |

## Premium discounts

| Policy | |
|---|---|
| 76002111-4 | home owner, Online Quote and multi-car |

| Vehicle | |
|---|---|
| 2001 Ford F150 CW | Odometer Mileage discount |
| 1995 Honda Prelude Si/Sr CP | Odometer Mileage discount |
| 2009 Nissan Murano S/Sl | Odometer Mileage discount |

## Lienholder information

| Lienholder: | EDS CREDIT UNION |
|---|---|
| | P.O. BOX 260726 PLANO, TX 75026 |
| | 2009 Nissan Murano S/Sl  (JN8AZ18U99W025713) |



**Agent countersignature**

**Company officers**

Secretary

**EXHIBIT D**

## FULL RELEASE OF ALL CLAIMS WITH INDEMNITY

August 3, 2010
Claim Number: 10-3513468

In consideration of the sum of **Fifteen Thousand Dollars and 00 Cents ($15,000.00)**, receipt of which is hereby acknowledged, I/we, **Daniel Kruger, a single male**, on behalf of myself/ourselves, my /our heirs, executors, administrators, successors, and assigns, do hereby release, acquit and forever discharge **Jeremy D. Ramsey, Mel L. Ramsey and Progressive Advanced Insurance Company** of and from any and all claims, actions, causes of actions, demands, rights, damages, costs, loss of wages, expenses, hospital and medical expenses, loss of consortium, emotional distress, loss of support or affection, loss of society and companionship on account of or in any way growing out of, any and all known and unknown personal injuries and damages resulting from an automobile accident which occurred on or about **April 7, 2010 in Phoenix, Arizona.**

It is understood and agreed that this settlement is in full compromise of a disputed claim as to both questions of liability and as to the nature and extent of the injuries and damages, and that neither this release, nor the payment pursuant thereto shall be construed as an admission of liability, such being denied.

It is further understood and agreed that the undersigned relies wholly upon the undersigned's judgment, belief, and knowledge of the nature, extent, effect, and duration of said injuries and liability therefore and is made without reliance upon any statement of representation of the party or parties hereby released or their representatives.

In consideration of the payment of the sum, the undersigned further agrees to defend and indemnify **Jeremy D. Ramsey, Mel L. Ramsey and Progressive Advanced Insurance Company** and save them harmless from any and all further liability, loss, damage, claims of subrogation and expense, arising because of any injuries and damages to **Daniel Kruger**, and, if necessary in order to save them so harmless, to satisfy on their behalf any judgment against them arising in any way out of the injuries and damages to **Daniel Kruger**

For your protection, Arizona law requires the following statement to appear on this form. "Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties."

**The undersigned has read this release and understands it.**

Signed: _[signature]_ Daniel Kruger        8/4/2010
          **Daniel Kruger**                    **Date**

Signed in the presence of witnesses:

_[signature]_                              _[signature]_
**Signature of witness**                   **Signature of witness**

# EXHIBIT E

**RAKESTRAW LAW, L.L.C.**
Leslie Rakestraw #010697
241 West Portland Street
Phoenix, Arizona 85003
Telephone: (480) 225-3960
E-mail: l_rakestraw@yahoo.com
Attorney for the Plaintiffs
Daniel Kruger and Tami Kapphahn

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DANIEL KRUGER and TAMI KAPPHAHN,<br><br>        Plaintiffs,<br><br>vs.<br><br>United Service Automobile Association, an insurance company; John and Jane Does I-X; ABC Corporations 1-5; XYZ Partnerships 1-5; and QRS Limited Liability Companies 1-5,<br><br>        Defendants. | NO: CV 11-113-PHX-GMS<br><br>**PLAINTIFFS' ANSWERS TO USAA'S SECOND SET OF INTERROGATORIES** |

Plaintiffs, Daniel Kruger and Tami Kapphahn, hereby Answer the Second Set of Interrogatories from Defendant USAA which were dated June 9, 2011, as follows:

## ANSWERS TO INTERROGATORIES

19. Have any of the plaintiffs ever been convicted of a felony?

**No.**

20. Please state the highest grade of formal schooling completed by each plaintiff and any certificates or degrees received by each plaintiff.

**Dan Kruger: 3 years post secondary college - Moorhead State University.**

**Tami Kapphahn: Bachelor of Science Degree - Devry University.**

21. Please list any and all insurance policies of any kind (including, but not limited to, homeowners, life, and disability insurance) that each plaintiff has had at any point in time between January 1, 2005, and the present. For each policy, please name the

carrier, type of insurance, named insured(s) and policy number(s).

**Plaintiffs are unable to answer this interrogatory for the time specified. Plaintiffs have had numerous different insurance policies that were part of their employment benefit packages and that depended on where they worked at the time. See Plaintiffs' previous discovery responses for policy information provided.**

22. Has Plaintiff Daniel Kruger ever been terminated, cancelled, non-renewed, or denied any insurance of any kind whatsoever, including, but not limited to, automobile insurance?

**No.**

23 Has Plaintiff Tami Kapphahn ever sustained any personal injury by accident?

**No.**

24. Please identify in detail the specific factual bases for your contention that "Defendant fell below the standard of care for an insurance producer in the business of selling insurance coverage by failing to provide Plaintiff Tami Kapphahn with the services of an actual agent or buy [sic] using a customer service representative who failed to provide adequate information to Plaintiff about the coverage she sought." (Complaint, Count Three, ¶21.)

**Tami Kapphahn had used USAA's website to explore the possibility of adding Dan Kruger to her automobile insurance policy in 2005. She did not call the representative because she was not going to add Dan at that time. Then in 2007 she actually did add him to her policy when she insured the Dodge Caravan. She was told that USAA could not insure Dan unless they owned a vehicle together or were married. Since they owned the Caravan together, they met this requirement. Tami received the insurance documents identified as Exhibit B in Defendant's Requests for Admission. She reviewed the documents, including the insurance cards. She thought that Dan was covered fully since the needed requirements were met. She thought the endorsements were obtained since Dan was listed as an additional interest. Defendant had no agent to explain the coverage, but provided a website for Tami to obtain coverage on her own. Now Defendant claims that Tami should have known that Dan was not covered, even though when she read the documents she thought he was.**

25. Please identify in detail the specific factual bases for your contention that "Plaintiff Tami Kapphahn thought she was purchasing automobile insurance

2

coverage that would cover her fiancé, Plaintiff Daniel Kruger." (Complaint, Count Three, ¶3[sic].)

Tami Kapphahn had used USAA's website to explore the possibility of adding Dan Kruger to her automobile insurance policy in 2005. Then in 2007 she actually did add him to her policy when she insured the Dodge Caravan. She was told that USAA could not insure Dan unless they owned a vehicle together or were married. Since they owned the Caravan together, they met this requirement. Tami received the insurance documents identified as Exhibit B in Defendant's Requests for Admission. She reviewed the documents, including the insurance cards, and thought that Dan was covered fully and that the needed requirements were met and endorsements obtained since Dan was listed as an additional interest.

26.    Please identify in detail the specific factual bases for your contention that both Plaintiffs had "reasonable expectations . . . that they were covered in the amount of $300,000.00 in the event either of them was in an automobile collision where the party at fault had insufficient insurance." (Complaint, Count Three, ¶4[sic].)

Both Plaintiffs received insurance cards from USAA showing that they both were insured with USAA. Plaintiffs received an Automobile Policy Packet from USAA (marked by Defendant as Exhibit B to its Requests for Admission) after Tami added Dan to her policy and insured the Dodge Caravan. Plaintiffs will testify that from their perspective everything received, including the insurance cards, was indicative that Dan was fully covered and that the needed requirements were met and endorsements obtained since Dan was listed as an additional interest.

27.    For each and every vehicle listed in your responses to Defendant's Interrogatories #3 and 4, please identify the individual who was the primary user of such vehicle. If the primary user for any given vehicle changed at any point in time, please identify the time period for each.

Dan Kruger was the primary driver of the Toyota Rav 4; Tami Kapphahn was the primary driver of the Dodge Caravan.

28.    Identify all automobile insurance claims made by Daniel Kruger as a result of the April 7, 2010 accident. For each claim listed, please identify:

(a)    the name of the insurer;

3

(1)    **State Farm**

(2)    **Progressive**

(3)    **Esurance**

(b)    whether the claim was submitted under the insurer's liability, uninsured, underinsured, and/or medical payments provisions of the policy;

(1)    **Liability**

(2)    **Liability; medical payments**

(3)    **Underinsured**

(c)    whether the claim was accepted or rejected by the insurer; and

(1)    **Rejected**

(2)    **Accepted**

(3)    **Accepted**

(d)    the amount of payment received for each claim submitted.

(1)    **None**

(2)    **$15,000, $10,000**

(3)    **$25,000**

DATED this _____ day of July, 2011.

RAKESTRAW LAW, L.L.C.

Leslie Rakestraw
241 West Portland Street
Phoenix, Arizona 85003
Attorney for the Plaintiff

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this _18th_ day of July, 2011, I mailed the original of the foregoing document to:

Timothy R. Hyland
Connie T. Gould
KUNZ PLITT HYLAND DEMLONG & KLEIFIELD
3838 North Central Avenue, Suite 1500
Phoenix, Arizona 85012-1902
Attorneys for Defendant USAA Casualty Insurance Company

By: _Leslie Palestrant_

5

# DECLARATION

We, Daniel Kruger and Tami Kapphahn, declare under penalty of perjury that the information contained in the attached Answers to Interrogatories is true and correct.

Executed on this 15th day of July, 2011.

_____
Daniel Kruger

_____
Tami Kapphahn

**EXHIBIT F**

# esurance®

Esurance Insurance Services, Inc.
P.O. Box 5250
Sioux Falls, SD 57117-5250
1-800-ESURANCE(1-800-378-7262)

Esurance Insurance Company
650 Davis Street
San Francisco, CA 94111

## Policy Declarations Page
## Personal Automobile Policy – Renewal

| Policy Number | Effective Date | Expiration Date | Policy Term |
|---|---|---|---|
| PAAZ-002501476 | November 19, 2009 | May 19, 2010@ 12:01 AM | 6 Months |

| Named Insured and Address | Rated Operators | Excluded Drivers | Driver Type | Year of birth |
|---|---|---|---|---|
| DANIEL KRUGER<br>7543 W CINNABAR AVE<br>PEORIA, AZ 85345<br>Email: DMKruger@gmail.com | 1 Daniel Kruger | | Insured | |

| Vehicle # | Year | Vehicle Description | Vehicle Identification Number |
|---|---|---|---|
| 1 | 2001 | Dodge STRATUS SE | 1B3EJ46X31N698649 |

Policy Coverage is provided only where a premium and limit or deductible are shown.

| Liability Coverages | | Premium |
|---|---|---|
| BODILY INJURY | 25,000/person<br>50,000/accdnt | 275.00 |
| PROPERTY DAMAGE | 25,000/accdnt | 97.00 |
| UNINSURED BI | 25,000/person<br>50,000/accdnt | 23.00 |
| UNDERINSURED BI | 25,000/person<br>50,000/accdnt | 10.00 |

| Vehicle Coverages | Vehicle 1 Premium | Vehicle 1 Deductible | Vehicle Premium | Vehicle Deductible | Vehicle Premium | Vehicle Deductible | Vehicle Premium | Vehicle Deductible |
|---|---|---|---|---|---|---|---|---|
| COMPREHENSIVE | 73.00 | 500 | | | | | | |
| COLLISION | 116.00 | 500 | | | | | | |
| FINANCE COMPANY NOTIFICATION FEE | 3.00 | | | | | | | |
| THEFT AUTHORITY SURCHARGE | 0.50 | | | | | | | |

**FULL TERM PREMIUM**                                                                 **$597.50**

This policy is effective at 12:01 AM on the date shown or the time the policy was purchased, whichever is later.

7000 AZ 11 07                                                                          Page 1 of 2

ESURANCE 000105

 **esurance**

Esurance Insurance Services, Inc.
P.O. Box 5250
Sioux Falls, SD 57117-5250
1-800-ESURANCE(1-800-378-7262)

Esurance Insurance Company
650 Davis Street
San Francisco, CA 94111

## Personal Automobile Policy – Renewal Cont'd

| Policy Number | Effective Date | Expiration Date | Policy Term |
|---|---|---|---|
| PAAZ-002501476 | November 19, 2009 | May 19, 2010 @ 12:01 AM | 6 Months |

| Named Insured and Address | Rated Operators | Excluded Drivers | Driver Type | Year of birth |
|---|---|---|---|---|
| DANIEL KRUGER<br>7543 W CINNABAR AVE<br>PEORIA, AZ 85345<br>Email: DMKruger@gmail.com | 1  Daniel Kruger | | Insured | ▬▬ |

| Loss Payees, Additional Insured – Lessors, and Lien Holders | | | | |
|---|---|---|---|---|
| Vehicle # | Loss Payee, Additional Insured – Lessor, and Lien Holder Information | | | |
| 1 | TEACHERS FEDERAL CREDIT UNION   6500 OLSEN MEMORIAL HIGHWAY        GOLDEN VALLEY        MN    55427 | | | |

| Forms and Endorsements made as a part of this policy at the time of issue | |
|---|---|
| 8200 PN 05 09 | Privacy Notice |
| POLJKT | POLJKT |
| IL P 001 01 04 | US Treasury OFAC Notice |
| PA AZ 01 01 04 | Amended Provisions |
| PA AZ 02 12 01 | Rental Reimbursement |
| PP 00 01 06 98 | Personal Auto Policy |
| PP 03 01 06 86 | Autos Used In Gov't Bus. |
| PP 03 05 08 86 | Loss Payable Clause |
| PP 13 01 12 99 | Auto Damage Exclusion |
| PP 04 89 08 01 | UIM Coverage |
| PP 04 77 04 01 | UM Coverage |
| PN 00 70 08 06 | Adverse Decision Notice |
| PA 04 49 09 07 | Officer's Signatory |

Authorized Representative

Date Issued : October 20, 2009

7000 AZ 11 07

Page 2 of 2

ESURANCE 000106

**EXHIBIT G**

# UNINSURED/UNDERINSURED MOTORIST RELEASE

**FOR YOUR PROTECTION:**

ANY PERSON WHO KNOWINGLY PRESENTS FALSE OR FRAUDULENT
CLAIM FOR THE PAYMENT OF A LOSS IS GUILTY OF A CRIME AND
MAY BE SUBJECT TO FINES AND CONFINEMENT IN STATE PRISON.

## KNOW ALL MEN BY THESE PRESENTS:

That I/WE Daniel Kruger being of lawful age of eighteen years, for and in consideration of the sum of twenty-five thousand and -/100 Dollars ($25,000.00) to the undersigned in hand paid, receipt whereof is hereby acknowledged, do hereby and for my heirs, executors, administrators, successors, and assigns release, acquit and fully discharge Esurance Insurance Company (hereinafter company) from further obligation under the Uninsured/Underinsured Motorist section of policy # PAAZ002501476 arising out of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequence thereof resulting or to result from the accident, casualty, or event which occurred on or about 4/7/10 at or near Peoria, Arizona.

It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said releases deny liability therefore and intend merely to avoid litigation.

The undersigned hereby declares and represents that the injuries sustained are or may be permanent and progressive and that recovery therefrom is uncertain and indefinite and in making this release it is understood and agreed, that the undersigned relies wholly upon the undersigned's judgment, belief and knowledge of the nature, extent, effect and duration of said injuries and liability therefore and is made without reliance upon any statements or representation of the party or parties hereby released or their representatives or by any physician or surgeon by them employed. The undersigned further declares and represents that no promise, inducement or agreement not herein expressed has been made to the undersigned, and that is release contains the entire agreement between the parties hereto, and that the terms of this release are contractual and not a mere recital.

**This specific release is intended to discharge only the company's obligation under the uninsured motorist portion of the policy.**

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

Signed, sealed, and delivered this 23 day of September, 2010

_____
(signature)

_____
(signature)

ESURANCE 000138

**EXHIBIT H**

STATE OF TEXAS

Before me, the undersigned notary public for the State of Texas, on this day personally appeared
Mary Ann Rice, Administrative Support Manager and custodian of records of
USAA Casualty Insurance Company, and after being by me duly sworn and upon her oath says
that an exact duplicate of the USAA Casualty Insurance Company, 01644 12 00C 7102 9,
including any applicable endorsements and forms, issued to Tami Lynn Kapphahn, effective
April 7, 2010, has been prepared under her direction and is attached hereto.

Mary Ann Rice,
Administrative Support Manager

Subscribed and sworn to before me by said Mary Ann Rice, Administrative Support Manager,
this 4th day of January, 2011 at San Antonio, Texas, to certify which witness my hand and
seal at office.

PAULINE RICO
Notary Public
STATE OF TEXAS
My Comm. Exp. 07-25-2012

Pauline Rico
Notary Public
State of Texas
My commission expires on July 25, 2012

USAA/KRUGER 000001



**USAA®**

# AUTOMOBILE POLICY PACKET

TAMI LYNN KAPPHAHN
7415 W PUEBLO AVE
PHOENIX AZ 85043-2043

CIC     01644 12 00 7102  9

POLICY PERIOD:   EFFECTIVE FEB 12 2010 TO AUG 12 2010

## IMPORTANT MESSAGES

Refer to your Declarations Page and endorsements to verify that coverages, limits, deductibles and other policy details are correct and meet your insurance needs. Required information forms are also enclosed for your review.

This policy provides limited coverage for injury to any family member caused by another family member. Please see your Auto Policy, Part A, Limit of Liability.

Thank you for renewing your policy and allowing us to continue servicing your insurance needs. If you have any concerns or need to modify or cancel the renewal policy, please contact us immediately.

Your Uninsured Motorists Coverage (UM) and Underinsured Motorists Coverage (UIM) selection/rejection remains in effect. You may quote different coverage limits and make changes at any time to your policy on usaa.com. Or you may call us at 1-800-531-USAA (8722).

USAA considers many factors when determining your premium. Maintaining safe driving habits is one of the most important steps you can take in keeping your premium as low as possible. A history of claim or driving activity and your USAA payment history may affect your policy premium.

We have provided your ID cards in this packet. You can use the cards to show proof of insurance, if necessary.

This is not a bill.        Any premium charge or change for this policy will be reflected on your next regular monthly statement. Your current billing statement should still be paid by the due date indicated.

**To receive this document and others electronically, or manage your Auto Policy online, go to usaa.com.**

For U.S. calls:   Policy Service (800) 531-8111. Claims (800) 531-8222.

ACS1                                                                                                    49708-0406

USAA/KRUGER 000002

**THIS PAGE INTENTIONALLY LEFT BLANK**

USAA/KRUGER 000003

**ARIZONA AUTOMOBILE INSURANCE IDENTIFICATION CARDS**

**DON'T HAVE AN "IDENTITY CRISIS".**

The state of Arizona requires you to show evidence of financial responsibility when registering your motor vehicle, and upon request of a law enforcement officer.

To assist you with this requirement, we have attached two ID cards for each of your motor vehicles insured for liability. Give one card to the Motor Vehicle Division when you register your vehicle. Keep the other card in your motor vehicle at all times.

For your convenience, you can request a duplicate Auto Insurance ID card on-line at usaa.com.

**53AZ1 Rev. 3-01**

01/07/10

---

**ARIZONA AUTOMOBILE INSURANCE CARD**
USAA CASUALTY INSURANCE COMPANY
9800 Fredericksburg Road
San Antonio, TX 78288

INSURED
TAMI LYNN KAPPHAHN
DANIEL M KRUGER

| ADOT CODE | POLICY NUMBER |
|-----------|---------------|
| 0543 | 01644 12 00C 7102 9 |

| EFFECTIVE | EXPIRATION |
|-----------|------------|
| 02/12/10 | 08/12/10 |

| YEAR | MAKE | VIN |
|------|------|-----|
| 2006 | DODGE | 1D4GP45R06B629380 |

---

**ARIZONA AUTOMOBILE INSURANCE CARD**
USAA CASUALTY INSURANCE COMPANY
9800 Fredericksburg Road
San Antonio, TX 78288

INSURED
TAMI LYNN KAPPHAHN
DANIEL M KRUGER

| ADOT CODE | POLICY NUMBER |
|-----------|---------------|
| 0543 | 01644 12 00C 7102 9 |

| EFFECTIVE | EXPIRATION |
|-----------|------------|
| 02/12/10 | 08/12/10 |

| YEAR | MAKE | VIN |
|------|------|-----|
| 2006 | DODGE | 1D4GP45R06B629380 |

USAA/KRUGER 000004

## ID CARDS

## ID CARDS

Coverage meets the limits required by law. Arizona law requires evidence of insurance be carried in the vehicle at all times.

Coverage automatically extends to a newly acquired car until a new card can be issued.

FOR POLICY SERVICE, CALL
    1-800-531-8111
FOR AUTO/PROPERTY CLAIMS, CALL
    1-800-531-8222

Coverage meets the limits required by law. Arizona law requires evidence of insurance be carried in the vehicle at all times.

Coverage automatically extends to a newly acquired car until a new card can be issued.

FOR POLICY SERVICE, CALL
    1-800-531-8111
FOR AUTO/PROPERTY CLAIMS, CALL
    1-800-531-8222

USAA/KRUGER 000005



**USAA CASUALTY INSURANCE COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg Road - San Antonio, Texas 78288

ARIZONA AUTO POLICY
RENEWAL DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

ADDL INFO ON NEXT PAGE   MAIL MCH-M-I
RENEWAL OF

| State | 02 | | | | Veh | | POLICY NUMBER |
|---|---|---|---|---|---|---|---|
| AZ | 172 | | | | Ter | | 01644 12 00C 7102 9 |

POLICY PERIOD:    (12:01 A.M. standard time)
**EFFECTIVE FEB 12 2010 TO AUG 12 2010**

OPERATORS
01 TAMI LYNN KAPPHAHN

**Named Insured and Address**

TAMI LYNN KAPPHAHN
7415 W PUEBLO AVE
PHOENIX AZ 85043-2043

**Description of Vehicle(s)**

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | VEH USE* SYM | WORK/SCHOOL Miles One Way | Days Per Week |
|---|---|---|---|---|---|---|---|---|---|
| 02 | 06 | DODGE | CARAVAN SX | WAG4X24D | 12000 | 1D4GP45R06B629380 | 8 | P | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. * W/C-Work/School; B-Business; F-Farm P-Pleasure

VEH 02   PHOENIX AZ 85043-2043

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.

| COVERAGES          LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH 02 6-MONTH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ |
|---|---|---|---|---|---|---|---|---|
| PART A - LIABILITY | | | | | | | | |
| BODILY INJURY      EA PER $   300,000 | | | | | | | | |
| EA ACC $   500,000 | | 188.90 | | | | | | |
| PROPERTY DAMAGE EA ACC $    50,000 | | 114.32 | | | | | | |
| PART B - MEDICAL PAYMENTS | | | | | | | | |
| EA PER $     2,000 | | 28.39 | | | | | | |
| EXTENDED BENEFITS | | | | | | | | |
| WAGE EARNER DISAB    $500 PER 30-DAY PERIOD | | | | | | | | |
| ESSENTIAL SVCS DISAB $45 WK | | 3.68 | | | | | | |
| PART C - UNINSURED MOTORISTS | | | | | | | | |
| BODILY INJURY    EA PER $   300,000 | | | | | | | | |
| EA ACC $   500,000 | | 41.55 | | | | | | |
| PART C - UNDERINSURED MOTORISTS | | | | | | | | |
| BODILY INJURY    EA PER $   300,000 | | | | | | | | |
| EA ACC $   500,000 | | 21.54 | | | | | | |
| PART D - PHYSICAL DAMAGE COVERAGE | | | | | | | | |
| COMPREHENSIVE LOSS     ACV LESS  D 300 | | 118.26 | | | | | | |
| TOTAL PREMIUM - SEE FOLLOWING PAGE(S) | | | | | | | | |

VEH 02  ADDNL INTEREST - CO-OWNER DANIEL M KRUGER,
   PHOENIX, AZ  ENDT A073 APPLIES
LOSS PAYEE
VEH 02  FRANKLIN CAPITAL, SALT LAKE CITY  UT

ENDORSEMENTS: ADDED 02-12-10 -  A100AZ(12)
REMAIN IN EFFECT(REFER TO PREVIOUS POLICY)-  5100AZ(01)  A073(04)  A400AZ(05)
   A401CW(01)  AOASA(01)  A142(01)

H4
| 02| RSF33000000 | | | | | | | | | | | | | | | | | | | | | | | | | |

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas, on this date   JANUARY 7, 2010

*Steven Alan Bennett*, Secretary

*Stuart Parker*, President

5000 C

USAA/KRUGER 000006



**USAA CASUALTY INSURANCE COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg Road - San Antonio, Texas 78288

ARIZONA AUTO POLICY
RENEWAL DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

| State | 02 | | | | Veh | | POLICY NUMBER |
|---|---|---|---|---|---|---|---|
| AZ | 172 | | | | Terr | 01644 12 00C 7102 9 |

POLICY PERIOD: (12:01 A.M. standard time)
**EFFECTIVE FEB 12 2010 TO AUG 12 2010**

**Named Insured and Address**

TAMI LYNN KAPPHAHN
7415 W PUEBLO AVE
PHOENIX AZ 85043-2043

## Description of Vehicle(s)

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE | WORK/SCHOOL Miles One Way | Days Per Week |
|---|---|---|---|---|---|---|---|---|---|---|
| 02 | 06 | DODGE | CARAVAN SX | WAG4X24D | 12000 | 1D4GP45R06B629380 | 8 | P | | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. * W/C=Work/School; B=Business; F=Farm; P=Pleasure
VEH 02   PHOENIX AZ 85043-2043

**This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.**

| COVERAGES     LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH 02 6-MONTH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ |
|---|---|---|---|---|---|---|---|---|
| PART D - PHYSICAL DAMAGE COVERAGE | | | | | | | | |
| COLLISION LOSS          ACV LESS | D 250 | 178.31 | | | | | | |
| FULL SAFETY GLASS COV | | INCL | | | | | | |
| | | | | | | | | |
| VEHICLE TOTAL PREMIUM | | 694.95 | | | | | | |

6 MONTH PREMIUM $  694.95

EARNED ACCIDENT FORGIVENESS APPLIES WITH FIVE YEARS CLEAN DRIVING WITH USAA.
THE FOLLOWING COVERAGE(S) DEFINED IN THIS POLICY ARE NOT PROVIDED FOR:
 VEH 02 - RENTAL REIMBURSEMENT, TOWING AND LABOR

|02| RSF330000|

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas,
on this date   JANUARY 7, 2010

Steven Alan Bennett, Secretary

Stuart Parker, President

5000 C

USAA/KRUGER 000007



**SUPPLEMENTAL INFORMATION**

**EFFECTIVE FEB 12 2010 TO AUG 12 2010**

The following approximate premium discounts or credits have already been applied to reduce your policy premium costs.

NOTE: Age or **senior citizen** status, if allowed by your state/location, was taken into consideration when your rates were set and your premiums have already been adjusted.

```
VEHICLE 02
    PASSIVE RESTRAINT DISCOUNT              -$     5.67
    PREMIER DRIVER DISCOUNT                -$    48.47
    VEHICLE EXPERIENCE DISCOUNT            -$    31.37
```

# AMENDMENT OF POLICY PROVISIONS
## ARIZONA

The coverage provided by this endorsement is subject to all provisions of the policy and its endorsements which are not modified by this endorsement.

## DEFINITIONS

**DEFINITIONS**

Definition I, temporary substitute vehicle is deleted.

The following definitions are revised:

**F. Miscellaneous vehicle** means the following motorized vehicles: motor home; golf car; snowmobile; all-terrain vehicle; or dune buggy.

**L. Your covered auto** means:

1. Any vehicle shown on the Declarations.

2. Any **newly acquired vehicle.**

3. Any **trailer you** own.

**M. Driving contest or challenge** includes, but is not limited to:

1. A competition against other people, vehicles, or time; or

2. An activity that challenges the speed or handling characteristics of a vehicle or improves or demonstrates driving skills, provided the activity occurs on a track or course that is closed from non-participants.

The following definitions are added:

**N. Fungi** means any type or form of fungi, including mold or mildew, and includes any mycotoxins, spores, scents, or byproducts produced or released by fungi.

**O. Motorcycle** means a two- or three-wheeled motor vehicle that is subject to motor vehicle licensing in the location where the **motorcycle** is principally garaged.

**P. Newly acquired vehicle.**

1. **Newly acquired vehicle** means a vehicle, not insured under another policy, that is acquired by **you** or any **family member** during the policy period and is:

   a. A private passenger auto, pickup, or van;

   b. A **miscellaneous vehicle** that is not used in any business or occupation; or

   c. A **motorcycle**, but only if a **motorcycle** is shown on the current Declarations.

2. **We** will automatically provide for the **newly acquired vehicle** the broadest coverages as are provided for any vehicle shown on the Declarations. If **your** policy does not provide Comprehensive Coverage or Collision Coverage, **we** will automatically provide these coverages for the **newly acquired vehicle** subject to a $250 deductible for each loss.

3. Any automatic provision of coverage under P.2. will apply for up to 30 days after the date **you** or a **family member** becomes the owner of the **newly acquired vehicle**. If **you** wish to continue coverage for the **newly acquired vehicle** beyond this 30-day period, **you** must request it during this 30-day period; however, **we** have the right to refuse to continue some or all of the coverage after that 30-day period. If **you** request coverage after this 30-day period, any coverage that

A100AZ(12) Rev. 06-09

56394-0609
Page 1 of 11

USAA/KRUGER 000009

we agree to provide will be effective at the date and time of your request unless we agree to an earlier date.

4. You must pay an additional premium, as set out in Part E, Changes, B.3., for any coverage we provide under P.2. or P.3. above.

# PART A - LIABILITY COVERAGE

## SUPPLEMENTARY PAYMENTS

Provision 5. is replaced by the following:

5. The amount a **covered person** must pay to the United States Government because of damage to a government-owned private passenger auto, pickup, or van which occurs while the vehicle is in the care, custody, or control of a **covered person**. The most we will pay is an amount equal to one month of the basic salary of the **covered person** at the time of loss Only Exclusions A.1. and A.7. apply.

## EXCLUSIONS

Exclusion A.5. is replaced by the following:

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used as a public or livery conveyance. This exclusion (A.5.) does not apply to:

a. A share-the-expense car pool; or

b. **Your covered auto** used for volunteer work for a tax exempt A.R.S. section 43-1201 (4) organization.

Exclusion B.4. is replaced by the following:

4. **We** do not provide Liability Coverage for the ownership, maintenance, or use of any vehicle while being operated in, or in practice for, any **driving contest or challenge.** If an accident occurs on a public highway, this exclusion (B.4.) will apply only to the extent that the coverage limits exceed $15,000/ $30,000/$10,000, which are the minimum limits required by Arizona's Vehicle Insurance and Financial Responsibility law for **BI** and **PD.**

The following exclusion is added:

D. **We** do not provide Liability Coverage for **BI** sustained as a result of exposure to **fungi**, wet or dry rot, or bacteria.

# PART B - MEDICAL PAYMENTS COVERAGE

## DEFINITIONS

Definitions A., Air Bag, and H., Seat Belt are deleted.

## INSURING AGREEMENT

Paragraph A. of the Insuring Agreement is replaced in its entirety by the following:

A. Medical Payments Coverage.

1. **We** will pay only the reasonable fee for medically necessary and appropriate medical services and the reasonable expense for funeral services. These

fees and expenses must:

a. Result from **BI** sustained by a **covered person** in an auto accident; and

b. Be incurred for services rendered within one year of the date of the auto accident.

A100AZ(12) Rev. 06-09

Page 2 of 11

USAA/KRUGER 000010

2. We or someone on **our** behalf will review, by audit or otherwise, claims for benefits under this coverage to determine if the charges are **reasonable fees for medically necessary and appropriate services** or reasonable expenses for funeral services. A provider of medical or funeral services may charge more than the amount **we** determine to be reasonable fees and reasonable expenses, but such additional charges are not covered.

Paragraph B., Air Bag, and Seat Belt Benefits is deleted.

**LIMIT OF LIABILITY**

Paragraph B. is deleted.

**EXCLUSIONS**

Exclusion 2. is replaced by:

2. Sustained while **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion (2) does not apply to:

    a. A share-the-expense car pool; or

    b. **Your covered auto** used for volunteer work for a tax exempt A.R.S. section 43-1201 (4) organization.

Exclusion 11. is replaced by:

11. Sustained while a participant in, or in practice for, any **driving contest or challenge.**

The following exclusion is added:

12. Sustained as a result of a **covered person's** exposure to **fungi,** wet or dry rot, or bacteria.

**OTHER INSURANCE**

The Other Insurance section is replaced in its entirety by the following:

If there is other applicable auto medical payments insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide with respect to a vehicle **you** do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

**ARBITRATION**

The Arbitration section is deleted in its entirety.

---

# PART C - UNINSURED MOTORISTS COVERAGE (referred to as UM)
# UNDERINSURED MOTORISTS COVERAGE (referred to as UIM)

**DEFINITIONS**

Definition B. is replaced in its entirety by the following:

**B. Uninsured motor vehicle** means a land motor vehicle or **trailer** of any type:

1. To which no liability bond or policy applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for liability specified by Arizona's Vehicle Insurance and Financial Responsibility Law.

3. That is a hit-and-run motor vehicle. This means a motor vehicle whose owner or operator cannot be identified and that hits:

    a. **You or any family member;**

    b. A vehicle **you** or any **family member** are occupying; or

A100AZ(12) Rev. 06-09                    Page 3 of 11

USAA/KRUGER 000011

c.  **Your covered auto.**

If there is no physical contact with the hit–and–run vehicle the facts of the accident must be proved. The person making the claim shall provide corroboration that the hit–and–run motor vehicle caused the accident. Corroboration means any additional and confirming testimony, fact or evidence that strengthens and adds weight or credibility to such person's representation of the accident.

4.  To which a liability bond or policy applies at the time of the accident but the bonding or insuring company denies coverage or becomes insolvent.

However, **uninsured motor vehicle** does not include a land motor vehicle or **trailer** of any type that is **your covered auto.**

Definition D. is replaced by the following:

D.  **Uninsured motor vehicle** and **underinsured motor vehicle** do not include any vehicle or equipment:

1.  Operated on rails or crawler treads, except for a snowmobile.

2.  Designed mainly for use off public roads while not on public roads.

3.  While located for use as a residence or premises.

**INSURING AGREEMENT**

Provisions A. and B. are replaced in their entirety by the following:

**A.  UNINSURED MOTORISTS COVERAGE**

We will pay compensatory damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of BI sustained by a **covered person** and caused by an auto accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.** Any judgment for damages arising out of a suit brought without **our** written consent is not binding on **us.**

**B.  UNDERINSURED MOTORISTS COVERAGE**

We will pay compensatory damages which a **covered person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of BI sustained by a **covered person** and caused by an auto accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle.**

**LIMIT OF LIABILITY**

Paragraph B is replaced in its entirety by the following:

B.  Any amount otherwise payable for damages under UM or UIM coverage shall be reduced by all sums paid because of the BI by or on behalf of persons or organizations who may be legally responsible. If coverage under Part A of this policy applies to the loss, the **covered person** will be entitled to recover under Part C of this policy no more than the difference between the amount available to the **covered person** under Part A and the UIM coverage limit of liability.

**EXCLUSIONS**

Exclusion B.1. is replaced by the following:

1.  While **occupying your covered auto** when it is being used as a public or livery conveyance. This exclusion (B.1.) does not apply to:

a.  A share–the–expense car pool; or

b.  **Your covered auto** used for volunteer work for a tax exempt A.R.S. section 43–1201 (4) organization.

A100AZ(12) Rev. 06–09                                          Page 4 of 11

USAA/KRUGER 000012

Exclusion B.4. is deleted.

Exclusion C. is replaced by the following:

C.  UM Coverage shall not apply directly or indirectly to the benefit of any insurer or self-insurer under any workers' compensation law or similar disability benefits law.

The following exclusions are added:

E.  We are not liable for UM coverage benefits unless the **covered person** making the claim gives **us** written notice of the **covered person's** intent to pursue a UM claim within three years after the date of the accident that caused the BI, except that a **covered person** may make a UM claim within three years after the earliest of the following:

   1.  The date the **covered person** knew that the owner or operator of the uninsured motor vehicle was uninsured.

   2.  The date the **covered person** knew or should have known that coverage was denied by the insurance company of the owner or operator of the uninsured motor vehicle.

   3.  The date the **covered person** knew or should have known of the insolvency of the insurance company of the owner or operator of the uninsured motor vehicle.

F.  We are not liable for UIM coverage benefits unless the **covered person** making the claim:

   1.  Gives **us** written notice of the **covered person's** intent to pursue a UIM claim within three years after the date of the accident that caused the BI; and

   2.  Has made a claim with the insurance company of the owner or operator of the underinsured motor vehicle within two years or within the corresponding limitation period under the law of the location where the accident occurred.

This exclusion (F) does not apply if a **covered person** makes a UIM claim within three years after the date the **covered person** knew or should have known that the insurance company of the owner or operator of the underinsured motor vehicle had insufficient liability insurance to cover the **covered person's** injuries.

G.  We do not provide UM or UIM coverage if a **covered person** has not filed suit within three years after providing the written notice prescribed in exclusions (E.) and (F.) above.

**OTHER INSURANCE**

The Other Insurance section is replaced in its entirety by the following:

If there is other applicable insurance for UM Coverage available under one or more policies or provisions of coverage:

1.  Any recovery for damages under all such policies or provisions of coverage issued to **you** by **us** may equal but not exceed the highest applicable limit for any one vehicle under any insurance issued to **you** by **us** providing coverage on either a primary or excess basis.

2.  Any insurance **we** provide with respect to a vehicle **you** do not own or to a person other than **you** or a **family member** will be excess over any collectible insurance.

3   If the coverage under this policy is provided:

   a.  On a primary basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on a primary basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

A100AZ(12) Rev. 06-09

Page 5 of 11

USAA/KRUGER 000013

b. On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability of coverage provided on an excess basis.

### NONDUPLICATION

Is replaced in its entirety by the following:

No **covered person** will be entitled to receive duplicate payments under this coverage for the same elements of loss which were:

1. Paid because of the BI by or on behalf of persons or organizations who may be legally responsible;

2. Paid or payable under another provision or coverage in this policy;

3. Paid or payable under any other auto policy's No-Fault benefits or medical payments coverage.

Any amount otherwise payable under this Part C. for damages to a **covered person** will be reduced by any amount available to that **covered person** under any bodily injury bonds or policies applicable to the **underinsured motor vehicle** that such **covered person** did not recover as a result of a settlement between that **covered person** and the insurer of an **underinsured motor vehicle**. However, any reduction of that **covered person's** damages will not reduce the limit of liability for this coverage.

### ARBITRATION

The Arbitration section is deleted in its entirety.

---

## PART E - GENERAL PROVISIONS

---

### AIR BAG

The Air Bag section is deleted in its entirety.

### CHANGES

Paragraph B. is revised as follows:

B. If, during the policy period, the risk exposure changes for any of the following reasons, we will make the necessary premium adjustments effective the date of change in exposure. Change in exposure means the occurrence of an event listed in B.1. through B.7. or in E. below, or a similar event that may increase or decrease the policy premium. **You** agree to give **us** notice of any exposure change as soon as is reasonably possible. Changes that may result in a premium adjustment include, but are not limited to, the following:

1. Change in location where any vehicle is garaged.

2. Change in description, equipment, purchase date, registration, cost, usage, miles driven annually, or operators of any vehicle.

3. Replacement or addition of any vehicle. A replacement or additional vehicle is a **newly acquired vehicle. You** must pay the applicable premium for the **newly acquired vehicle** beginning on the date **you** or a **family member** becomes the owner of the vehicle. See DEFINITIONS – **newly acquired vehicle.**

4. Deletion of a vehicle. The named insured may request that a vehicle shown on the Declarations be deleted from this policy. The effective date of this change cannot be earlier than the date of the named insured's request unless **we** agree to an earlier date.

5. Change in date of birth, marital status, driver's license information, or driving record of any operator.

USAA/KRUGER 000014

6. Addition or deletion of an operator.

7. Change, addition, or deletion of any coverage or limits.

The following paragraph is added:

E. Deployment

1. If, because of **your** active–duty deployment in one of the military services of the United States, **you** have reduced the coverage on **your covered auto** and placed the vehicle in storage, then, upon **your** return from the deployment, **we** will automatically reinstate the coverage that was on the vehicle prior to the deployment–caused reduction.

2. Any automatic reinstatement of coverage under E.1. will apply for up to 60 days after the date **you** returned from deployment. If **you** wish to continue the reinstated coverage beyond the 60–day period, **you** must request it during the 60–day period. If **you** request reinstated coverage after this 60–day period, any coverage **we** agree to provide will be effective at the date and time of **your** request unless **we** agree to an earlier date.

3. **You** must pay an additional premium, as set out in Part E., Changes, B.7., for the reinstated coverage.

## DUTIES AFTER AN ACCIDENT OR LOSS

Duty C. 2. is replaced by the following:

C. 2. Promptly notify the police and complete an affidavit of theft if **your covered auto** is stolen.

## LEGAL ACTION AGAINST US

The following paragraph is added:

C. 1. No legal action may be brought against **us** for any claim involving an **uninsured motor vehicle** unless the action is brought within three years after the earliest of the following:

a. The date the person knew that the tortfeasor was uninsured;

b. The date the person knows or should have known that coverage was denied by the tortfeasor's insurer; or

c. The date the person knows or should have known of the insolvency of the tortfeasor's insurer.

2. No action may be brought against **us** for any claim involving an **underinsured motor vehicle** unless the person making the claim gives written notice to **us** of their intent to pursue the claim against the UIM portion of this policy within:

a. Three years after the date of the accident that caused the BI and the person has made a claim with:

(a) The tortfeasors's insurer; or

(b) Filed an action against the tortfeasor within two years, if the accident occurred in Arizona, or the corresponding limitation period provided under the law of the location where the accident occurred; or

b. Within three years after the date the person knows or should have known that the tortfeasor has insufficient liability insurance to cover the person's injuries.

## MISREPRESENTATION

Is replaced in its entirety by the following:

**We** do not provide coverage for any person who has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance:

1. At the time application was made; or

2. At any time during the policy period; or

3. In connection with the presentation or settlement of a claim.

A100AZ(12) Rev. 06–09                                    Page 7 of 11

USAA/KRUGER 000015

However, this provision will apply to Part A, Liability Coverage, only to the extent that the limits of liability shown on the declarations page exceed $15,000/$30,000 for BI and $10,000 for PD, the minimum required by Arizona's Vehicle Insurance and Financial Responsibility Law.

## OUR RIGHT TO RECOVER PAYMENT

Provision A. is replaced in its entirety by the following:

A.  If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we will be subrogated to that right. That person shall do whatever is necessary to enable us to exercise our rights, and shall do nothing after a loss to prejudice them.

   However, these rights:

   1)  Under Part B — Medical Payments Coverage, apply only to our lien against any amount in excess of $5,000 that is paid to or on behalf of a covered person under Medical Payments Coverage.

   2)  Under Part C — UM Coverage, apply only to amounts recoverable from the uninsured owner or operator,

   3)  Under Part C — UIM Coverage, do not apply; and

   4)  Under Part D, do not apply against any person using your covered auto with a reasonable belief that that person is entitled to do so.

## OWNERSHIP

The Ownership section is replaced in its entirety by the following:

For purposes of this policy, a vehicle is deemed to be owned by a person if leased under a written agreement to that person for a continuous period of at least six months.

The following section is added:

## SPOUSE ACCESS

A.  The named insured and we agree that the named insured and resident spouse are "customers" for purposes of state and federal privacy laws. The resident spouse will have access to the same information available to the named insured and may initiate the same transactions as the named insured.

B.  The named insured may notify us that he/she no longer agrees that the resident spouse shall be treated as a "customer" for purposes of state and federal privacy laws, and we will not permit the resident spouse to access policy information.

## TERMINATION

The Termination Provision is replaced in its entirety by the following:

A.  Cancellation. This policy may be cancelled during the policy period as follows:

   1.  You may cancel this policy at any time, but the effective date of the cancellation cannot be earlier than the date of the request unless we agree to an earlier date.

   2.  We may cancel by mailing notice certified mail or United States Post Office certificate of mailing to the named insured shown on the Declarations at the address shown on the Declarations at least 10 days prior to the date cancellation is to take effect in all cases except for cancellations for nonpayment of premium.

   3.  We may cancel if the named insured shown on the Declarations fails to pay the premium for this policy or any installment thereof before the 8th day after the premium due date, except for the first due date. The cancellation is effective on the date the notice is mailed to the named insured at the address shown on the Declarations.

USAA/KRUGER 000016

Paragraph (A.3.) Cancellation includes a grace period of at least 7 days for the payment of any premium due, during which grace period this policy shall continue in full force subject to the Termination Provisions of Part E. General Provisions of this policy period.

4. After this policy is in effect for 60 days or if this is a renewal or continuation policy, we will cancel only if:

   a. The insurance was obtained through fraudulent misrepresentations;

   b. You, and any other driver who lives with you and who customarily uses your covered auto, or any other driver who regularly and frequently uses your covered auto:

      (1) Has had their driver's license suspended or revoked during the policy period;

      (2) Becomes permanently disabled, either physically or mentally, and that individual does not produce a certificate from a physician or a registered nurse practitioner testifying to that individual's ability to operate a motor vehicle;

      (3) Is or has been convicted during the 36 months immediately preceding the effective date of the policy or during the policy period of:

         (a) Criminal negligence resulting in death, homicide or assault, arising out of the operation of a motor vehicle;

         (b) Operating a motor vehicle while in an intoxicated condition or while under the influence of drugs;

         (c) Leaving the scene of an accident;

         (d) Making false statements in an application for a driver's license;

         (e) Reckless driving;

      Unless you agree in writing to exclude as insured such a person by name when operating a motor vehicle and also agree to exclude coverage to the named insured for any negligence which may be imputed by law to the named insured arising out of the maintenance, operation or use of a motor vehicle by such excluded person.

   c. We are placed in rehabilitation or receivership by the Insurance Supervisory Official in our state of domicile or by a court of competent jurisdiction or the Director of Insurance has suspended our Certificate of Authority based on our financially hazardous condition.

   d. Your covered auto is used regularly and frequently for commercial purposes by:

      (1) You;

      (2) Any other driver who lives with you and who customarily uses your covered auto; or

      (3) Any other driver who regularly and frequently uses your covered auto.

   e. The director determines that the continuation of the policy would place the insurer in violation of the laws of this state or would jeopardize the solvency of the insurer.

B. Nonrenewal.

   1. We may nonrenew or refuse to continue this policy only if:

      a. One of the reasons listed in Termination A.4. exists; or

A100AZ(12) Rev. 06-09

USAA/KRUGER 000017

b. **You** and any **family members** were eligible for insurance based solely on **your** employment with **us** and **your** employment was terminated within the last 12 months.

c. **You**, any other driver who lives with **you** and who customarily uses **your** **covered auto**, or any other driver who regularly and frequently uses **your** **covered auto** have individually had:

(1) Three or more accidents,

(2) In which that person was at least 50 percent responsible, and

(3) Where the property damage paid by **us** for each accident that occurs:

   (i) During 2006 is more than $2,150;

   (ii) During 2007 is more than $2,220; and

   (iii) During 2008 is more than $2,280.

   (iv) During 2009 is more than $2,370.

   (v) On or after January 1, 2010, is more than the applicable threshold amount for property damage published by the Arizona Department of Insurance.

However, **we** will not refuse to renew or continue this policy under this provision:

(1) Unless the same person has had all the accidents that make the policy subject to nonrenewal; or

(2) Based on the accident record of the named insured, if that named insured has been insured with **us** for at least 10 consecutive years for standard automobile bodily injury liability coverage prior to the most recent accident that makes the policy subject to nonrenewal, or

(3) If **you** agree in writing to exclude as insured the person by name when operating a motor vehicle and further agree to exclude coverage to the named insured for any negligence which may be imputed by law to the named insured arising out of the maintenance, operation, or use of a motor vehicle by the excluded person.

The written agreement that excludes coverage under **your** policy for named individual is effective for each renewal of **your** policy and remains in effect until **we** agree in writing to provide coverage for the individual previously excluded coverage.

2. If **we** decide not to renew or continue this policy, **we** will mail notice to the named insured shown on the Declarations at the address shown in this policy.

Notice will be mailed:

a. At least 10 days before the end of the policy period if one of the reasons listed in Termination A.4. exists; or

b. At least 45 days before the end of the policy period if the reason described above in Termination B.1.c. exists.

Notice will be mailed by certified mail or United States Post Office certificate of mailing except if the reason **we** decide not to renew or continue this policy is that the named insured shown on the Declarations fails to pay the premium for this policy or installment thereof.

C. Other Termination Provisions.

USAA/KRUGER 000018

1. If this policy is cancelled, the named insured shown on the Declarations may be entitled to a premium refund. If so, we will send the refund with our notification. The premium refund, if any, will be computed on a pro–rata basis.

2. The effective date of cancellation stated in the notice shall become the end of the policy period.

3. If you obtain other insurance on your covered auto, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance. This does not apply to liability coverage purchased for travel in Mexico.

Copyright, USAA, 2009. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

A100AZ(12) Rev. 06–09

USAA/KRUGER 000019



**USAA**
9800 Fredericksburg Road
San Antonio, Texas 78288

## ARIZONA AUTO POLICY

**READ YOUR POLICY, DECLARATIONS
AND ENDORSEMENTS CAREFULLY**

The automobile insurance contract between the named insured and the company shown on the Declarations page consists of this policy plus the Declarations page and any applicable endorsements. The Quick Reference section outlines essential information contained in the Declarations and the major parts of the policy.

**The policy provides the coverages and amounts of insurance shown in the Declarations for which a premium is shown.**

This is a participating policy. You are entitled to dividends as may be declared by the company's Board of Directors.

If this policy is issued by United Services Automobile Association ("USAA"), a reciprocal interinsurance exchange, the following apply:

By purchasing this policy you are a member of USAA and are subject to its bylaws.

This is a non-assessable policy. You are liable only for the amount of your premium as USAA has a free surplus in compliance with Article 19.03 of the Texas Insurance Code of 1951, as amended.

The USAA Board of Directors may annually allocate a portion of USAA's surplus to Subscriber's Savings Accounts. Amounts allocated to such accounts remain a part of USAA's surplus and may be used as necessary to support the operations of the Association. A member shall have no right to any balance in the member's account except until following termination of membership, as provided in the bylaws.

## QUICK REFERENCE

| | DECLARATIONS PAGE |
|---|---|
| | Named Insured and Address |
| | Policy Period |
| | Operators |
| | Description of Vehicle(s) |
| | Coverages, Amounts of Insurance and Premiums |
| | Endorsements |
| Beginning on Page **3** | **Agreement and Definitions** |
| Part A **4** | **Liability Coverage** |
| | Definitions |
| | Insuring Agreement |
| |   Bodily Injury Liability Coverage and |
| |   Property Damage Liability Coverage |
| | Limit of Liability |
| | Supplementary Payments |
| | Exclusions |
| | Out of State Coverage |
| | Other Insurance |
| Part B **6** | **Medical Payments Coverage** |
| | Definitions |
| | Insuring Agreement |
| |   Medical Payments Coverage |
| |   Air Bag and Seat Belt Benefits |
| |   Extended Benefits Coverage |
| | Limit of Liability |
| | Exclusions |
| | Other Insurance |
| | Special Provisions |
| | Arbitration |
| Part C **10** | **Uninsured Motorists Coverage** **Underinsured Motorists Coverage** |
| | Definitions |
| | Insuring Agreement |
| |   Uninsured Motorists Coverage |
| |   Underinsured Motorists Coverage |
| | Limit of Liability |
| | Exclusions |
| | Other Insurance |
| | Non-Duplication |
| | Arbitration |

(Quick Reference continued on Page 2)

USAA/KRUGER 000020

| Part D 13 | Physical Damage Coverage | | Part E 16 | General Provisions |
|---|---|---|---|---|
| | Definitions | | | Air Bag |
| | Insuring Agreement | | | Bankruptcy |
| |   Comprehensive Coverage | | | Changes |
| |   Collision Coverage | | | Duties After an Accident or Loss |
| |   Rental Reimbursement Coverage | | | Legal Action Against Us |
| |   Towing and Labor Costs Coverage | | | Misrepresentation |
| | Limit of Liability | | | Non-Duplication of Payment |
| | Payment of Loss | | | Our Right to Recover Payment |
| | Loss Payable Clause | | | Ownership |
| | Waiver of Collision Deductible | | | Policy Period and Territory |
| | Exclusions | | | Termination |
| | No Benefit to Bailee | | | Transfer of Your Interest in this |
| | Other Sources of Recovery | | |   Policy |
| | Appraisal | | | Two or More Auto Policies |

USAA/KRUGER 000021

# ARIZONA AUTO POLICY

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we will provide the coverages and limits of liability for which a premium is shown in the Declarations.

## DEFINITIONS

The words defined below are used throughout this policy. They are in **boldface** when used.

A. **You** and **your** refer to the "named insured" shown in the Declarations and spouse if a resident of the same household.

B. **We, us,** and **our** refer to the Company providing this insurance.

C. **Auto business** means the business of altering, customizing, leasing, parking, repairing, road testing, delivering, selling, servicing, or storing vehicles.

D. **Bodily injury** (referred to as **BI**) means bodily harm, sickness, disease or death.

E. **Family member** means a person related to **you** by blood, marriage, or adoption who is a resident of **your** household. This includes a ward or foster child.

F. **Miscellaneous vehicle** means the following motorized vehicles: a motorcycle, moped or similar type vehicle; motor home; golfcart; snowmobile; all-terrain vehicle; or dune buggy.

G. **Occupying** means in, on, getting into or out of.

H. **Property damage** (referred to as **PD**) means physical injury to, destruction of, or loss of use of tangible property.

I. **Temporary substitute vehicle** means a private passenger auto, pickup, **van**, **miscellaneous vehicle** or **trailer** not owned by **you** or a **family member** while it is used as a temporary replacement for **your covered auto** when withdrawn from normal use because of its breakdown, repair, servicing, loss, or destruction.

J. **Trailer** means a vehicle designed to be pulled by a private passenger auto, pickup, **van**, or **miscellaneous vehicle**. It also means a farm wagon or implement while towed by such vehicles.

K. **Van** means a four-wheeled land motor vehicle of the van type with a load capacity of not more than 2,000 pounds.

L. **Your covered auto** means:

1. Any vehicle shown in the Declarations.

2. Any of the following types of vehicles acquired by **you** or a **family member** during the policy period, beginning on the date **you** or a **family member** becomes the owner, but only if no other insurance policy provides coverage for such vehicle:

   a. A private passenger auto;

   b. A pickup or **van**; or

   c. A **miscellaneous vehicle** not used in any business or occupation.

   For such newly acquired vehicles, **we** will automatically provide the broadest coverages as are provided for any vehicle shown in the Declarations. If **your** policy does not provide Comprehensive and Collision coverages, **we** will provide each with a $250 deductible. However, **we** will not provide any coverage for more than 30 days after the date **you** or a **family member** becomes the owner of the vehicle. If **you** wish to continue any coverage beyond the 30-day period, **you** must request it prior to the end of the 30-day period.

3. Any **trailer you** own.

4. Any **temporary substitute vehicle**. Only those coverages provided for the vehicle withdrawn from normal use will be extended to its **temporary substitute vehicle**.

USAA/KRUGER 000022

# PART A – LIABILITY COVERAGE

## DEFINITIONS

**Covered person** as used in this Part means:

1. **You** or any **family member** for the ownership, maintenance, or use of any auto or **trailer.**

2. Any person using **your covered auto.**

3. Any other person or organization, but only with respect to legal liability imposed on them for the acts or omissions of a person for whom coverage is afforded in 1. or 2. above. With respect to an auto or **trailer** other than **your covered auto,** this provision only applies if the other person or organization does not own or hire the auto or **trailer.**

The following are not **covered persons** under Part A:

1. The United States of America or any of its agencies.

2. Any person with respect to BI or PD resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the **BI** or **PD.**

## INSURING AGREEMENT

**We** will pay compensatory damages for **BI** or **PD** for which any **covered person** becomes legally liable because of an auto accident. **We** will settle or defend, as **we** consider appropriate, any claim or suit asking for these damages. **Our** duty to settle or defend ends when **our** limit of liability for these coverages has been paid or tendered. **We** have no duty to defend any suit or settle any claim for **BI** or **PD** not covered under this policy.

## LIMIT OF LIABILITY

For **BI** sustained by any one person in any one auto accident, **our** maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of liability shown in the Declarations for "each person" for **BI** Liability. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for **BI** Liability is **our** maximum limit of liability for all damages for **BI** resulting from any one auto accident. The limit of liability shown in the Declarations for "each accident" for **PD** Liability is **our** maximum limit of liability for all damages to all property resulting from any one auto accident.

These limits are the most **we** will pay regardless of the number of:

1. **Covered persons;**

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the auto accident.

*The limit of liability will be reduced to $15,000/$30,000, the minimum required by Arizona's Vehicle Insurance and Financial Responsibility law for BI for which a covered person becomes legally responsible to pay a member of that covered person's family residing in that covered person's household.*

## SUPPLEMENTARY PAYMENTS

In addition to **our** limit of liability, **we** will pay on behalf of a **covered person:**

1. Premiums on appeal bonds and bonds to release attachments in any suit **we** defend. But **we** will not pay the premium for bonds with a face value over **our** limit of liability shown in the Declarations.

2. Prejudgment interest awarded against the **covered person** on that part of the judgment **we** pay. If **we** make an offer to pay the applicable limit of liability, **we** will not pay any prejudgment interest based on that period of time after the offer.

3. Interest accruing, in any suit **we** defend, on that part of a judgment that does not exceed **our** limit of liability. **Our** duty to pay interest ends when **we** offer to pay that part of the judgment that does not exceed **our** limit of liability.

4. Up to $100 a day for loss of wages because of attendance at hearings or trials at **our** request.

USAA/KRUGER 000023

5. The amount a **covered person** must pay to the United States Government because of damage to a government-owned private passenger auto, pickup, or **van** which occurs while the vehicle is in the care, custody, or control of a **covered person.** The most **we** will pay is an amount equal to one month of the basic salary of the **covered person** at the time of loss. Only Exclusions A.1. and A.8. apply.

6. Other reasonable expenses incurred at **our** request.

7. All defense costs **we** incur.

## EXCLUSIONS

A. **We** do not provide Liability Coverage for any **covered person:**

1. Who intentionally acts or directs to cause **BI** or **PD,** or who acts or directs to cause with reasonable expectation of causing, **BI** or **PD.**

2. For **PD** to property owned or being transported by a **covered person.**

3. For **PD** to property rented to, used by, or in the care of any **covered person.** This does not apply to damage to a residence or garage.

4. For **BI** to an employee of that person which occurs during the course of employment. This exclusion (A.4.) does not apply to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.

5. For that person's liability arising out of the ownership or operation of a vehicle while it is being used to carry persons for a fee. This exclusion (A.5.) does not apply to a share-the-expense car pool.

6. Maintaining or using any vehicle while that person is employed or otherwise engaged in any business or occupation other than the **auto business,** farming, or ranching. This exclusion (A.6.) does not apply to the maintenance or use of a private passenger auto; a pickup or **van** that **you** own; or a **trailer** used with these vehicles.

7. Using a vehicle without expressed or implied permission.

8. For **BI** or **PD** for which that person is an insured under any nuclear energy liability policy. This exclusion (A.8.) applies even if that policy is terminated due to exhaustion of its limit of liability.

9. For **BI** or **PD** occurring while **your** **covered auto** is rented or leased to others.

10. For punitive or exemplary damages.

B. **We** do not provide Liability Coverage for the ownership, maintenance, or use of:

1. Any vehicle that is not **your covered auto** unless that vehicle is:

   a. A four or six wheel land motor vehicle designed for use on public roads with a rated load capacity of no more than 2000 pounds;

   b. A moving van for personal use;

   c. A **miscellaneous vehicle** having at least four wheels; or

   d. A vehicle used in the business of farming or ranching.

2. Any vehicle, other than **your covered auto,** that is owned by **you,** or furnished or available for **your** regular use.

3. Any vehicle, other than **your covered auto,** that is owned by, or furnished or available for the regular use of, any **family member.**

   This exclusion (B.3.) does not apply to **your** maintenance or use of such vehicle.

4. Any vehicle while being operated in, or in practice for, any speed contest.

C. There is no coverage for liability assumed by any **covered person** under any contract or agreement.

USAA/KRUGER 000024

(PART A Cont'd.)

OUT OF STATE COVERAGE

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, **your** policy will provide at least the minimum amounts and types of coverages required by law. However, no one will be entitled to duplicate payments for the same elements of loss.

OTHER INSURANCE

If there is other applicable liability insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide will be excess over any other applicable liability insurance or any self-insurance in compliance with a state's financial responsibility law with respect to:

1. **Your covered auto,** if a person engaged in a auto business is operating it.

2. A vehicle **you** do not own, except with respect to the insurance of an auto business on the vehicle.

## PART B - MEDICAL PAYMENTS COVERAGE

DEFINITIONS

A. **Air Bag** means a supplemental passive restraint system commonly referred to as an **air bag** which is originally installed by the vehicle manufacturer and which, at the time of the accident, had not been made inoperable through modification, deactivation, disconnection, switching off or prior deployment.

B. **Beneficiary** means (in order of priority of payment):

   1. The surviving spouse if a resident in the same household as the deceased at the time of the accident; or

   2. If the deceased is an unmarried minor, either of the surviving parents who had legal custody at the time of the accident; or

   3. The estate of the deceased.

C. **Covered person** as used in this Part means:

   1. **You** or any **family member** while **occupying** any auto.

   2. Any other person while **occupying your covered auto.**

   3. **You** or any **family member** while not **occupying** a motor vehicle if injured by:

      a. A motor vehicle designed for use mainly on public roads;

      b. A **miscellaneous vehicle;**

      c. A **trailer.**

D. **Essential services** means those household services that a **covered person** who is at least 18 years old would have performed without pay.

E. **Income actually lost** means the difference between:

   The total of gross salary, fees, commissions, and profits from a business that a **covered person** was earning at the time of the accident; and

   The total of gross salary, fees, commissions, profits from a business and payments from an income continuation or similar plan that the **covered person** received during the period of **total disability.**

F. **Medically necessary and appropriate medical services** are those services or supplies provided or prescribed by a licensed hospital, licensed physician, or other licensed medical provider that, as determined by **us** or someone on **our** behalf, are required to identify or treat **BI** caused by an auto accident and sustained by a **covered person** and that are:

USAA/KRUGER 000025

1. Consistent with the symptoms, diagnosis, and treatment of the **covered person's** injury and appropriately documented in the **covered person's** medical records;

2. Provided in accordance with recognized standards of care for the **covered person's** injury at the time the charge is incurred;

3. Consistent with published practice guidelines and technology, and assessment standards of national organizations or multi-disciplinary medical groups;

4. Not primarily for the convenience of the **covered person**, his or her physician, hospital, or other health care provider;

5. The most appropriate supply or level of service that can be safely provided to the **covered person;** and

6. Not excessive in terms of scope, duration, or intensity of care needed to provide safe, adequate, and appropriate diagnosis and treatment.

However, **medically necessary and appropriate medical services** do not include the following:

1. Nutritional supplements or over-the-counter drugs;

2. Experimental services or supplies, which means services or supplies that **we** determine have not been accepted by the majority of the relevant medical specialty as safe and effective for treatment of the condition for which its use is proposed;

3. Inpatient services or supplies provided to the **covered person**, when these could safely have been provided to the **covered person** as an outpatient.

G. **Reasonable fee** is the amount, as determined by **us** or someone on **our** behalf, which **we** will pay for charges made by a licensed hospital, licensed physician, or other licensed medical provider for **medically necessary and appropriate medical services. We** will pay the lesser of:

1. The actual charge;

2. The charge negotiated with a provider; or

3. The charge determined by a statistically valid database that is designed to reflect charges for the same or comparable services or supplies in the same or similar geographic region. The database will also reflect, where applicable, (a) the value of the actual medical services based on a nonspecialty specific relative value scale for the services relative to other services and, (b) in the case of new procedures, services, or supplies, a comparison to commonly-used procedures, services, or supplies.

H. **Seat Belt** means manual or automatic safety belts or seat and shoulder restraints or a child restraint device. Both the lap and shoulder restraints must be worn at the time of the accident for coverage to apply. If the **covered person** is a child, the child restraint device must meet federal motor vehicle safety standards and must be one recommended by its manufacturer as appropriate for use by children of like age and weight. The child must be properly seated and restrained within the device and the device must be attached to the interior of the vehicle in accordance with the manufacturer's instructions.

I. **Total disability** means disability which continuously prevents the **covered person** from performing the substantial duties of that person's usual occupation.

## INSURING AGREEMENT

A. Medical Payments Coverage. **We** will pay only the **reasonable fee** for **medically necessary and appropriate medical services** and the reasonable expense for funeral services because of **BI** caused by an auto accident, sustained by a **covered person** and incurred for services rendered within three years of the date of the accident.

USAA/KRUGER 000026

**(PART B Cont'd.)**

A provider of medical services may charge more than the limits established by this policy's defined terms, but such additional charges are not covered. **We** or someone on **our** behalf will review, by audit or otherwise, claims for benefits under this coverage to determine whether fees and expenses were reasonable and whether treatment was medically necessary and appropriate.

B. Air Bag and Seat Belt Benefits. **We** will provide the benefits described only if at the time of the accident, Medical Payments Coverage was provided by the policy and the **covered person** for whom benefits are sought was:

1. Wearing a **seat belt**; or

2. Wearing a **seat belt** and **occupying** a seat in an automobile in which he was protected by an **air bag**; and

3. Entitled to collect benefits for medical expenses incurred as a result of the accident under the terms of the policy's Medical Payments Coverage.

**We** will pay a Death Benefit of **$15,000** to the **beneficiary** of a **covered person** who dies as the direct result of **BI** sustained in an automobile accident while wearing a **seat belt**. **We** will pay an Additional Death Benefit of $10,000 to the **beneficiary** of a **covered person** who dies as a direct result of **BI** sustained in an automobile accident while wearing a **seat belt** and **occupying** a seat protected by an **air bag**. In either case, death must occur within three years of the date of the accident.

C. Extended Benefits Coverage. **We** will pay the following benefits for **BI** caused by an auto accident and sustained by a **covered person:**

1. Wage Earner Disability Benefit of 85% of **income actually lost** by an employed **covered person** during a period of **total disability.**

2. Essential Services Disability Benefit for reasonable expenses incurred for **essential services** during the time the **covered person** is actually unable to perform the services. This benefit applies only if the services are performed by a non-**family member.**

3. Death Benefit of **$5,000** to the **beneficiary** of a **covered person** who dies within three years from the date of the auto accident as a direct result of **BI** caused by that accident.

## LIMIT OF LIABILITY

The following provisions represent the most **we** will pay regardless of the number of **covered persons** or **beneficiaries,** claims made, vehicles or premiums shown in the Declarations, or vehicles involved in an auto accident.

A. Medical Payments

1. The limit of liability shown in the Declarations for Medical Payments Coverage is the maximum limit of liability for each **covered person** injured in any one accident.

2. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and Part A or Part C of the policy.

B. The maximum Death Benefit **we** will pay under Air Bag and Seat Belt Benefits is $15,000 for death of any one **covered person.** The maximum Additional Death Benefit **we** will pay for death of any one **covered person** is $10,000. These amounts are the most **we** will pay regardless of the number of vehicles to which this coverage applies, the number of coverages or premiums shown in the Declarations.

No one will be entitled to receive duplicate payments for the same elements of loss.

C. The limit of liability for Wage Earner Disability Benefit and the limit of liability for Essential Services Disability Benefit, as stated in the Declarations, is the maximum limit of liability for each coverage for each **covered person** injured in any one accident, subject to the following conditions:

1. Payment of Wage Earner Disability Benefit to **you** or a **family member** will not exceed the amount shown on the Declarations Page per 30-day period.

USAA/KRUGER 000027

2. Payment of Wage Earner Disability Benefit to a **covered person** other than **you** or a **family member** will not exceed $1,000 per 30-day period.

3. Wage Earner Disability Benefit and Essential Services Disability Benefit begin the eighth day after the accident. **We** will pay these benefits for no more than two years to any one **covered person.** These benefits will not continue after the death of the **covered person.**

4. Any amounts otherwise payable as benefits under Wage Earner Disability Benefit shall be reduced by:

   a. The amount of any similar benefits which are paid or payable under any workers' compensation law or policy, or under any disability or health and accident policy; and

   b. The amount of any disability benefits provided by any governmental agency.

## EXCLUSIONS

**We** do not provide benefits under this Part for any covered person for **BI**:

1. Sustained while **occupying** any vehicle that is not **your covered auto** unless that vehicle is:

   a. A four or six wheel land motor vehicle designed for use on public roads with a rated load capacity of no more than 2000 pounds;

   b. A moving van for personal use;

   c. A **miscellaneous vehicle** having at least four wheels; or

   d. A vehicle used in the business of farming or ranching.

2. Sustained while **occupying your covered auto** when it is being used to carry persons for a fee. This does not apply to a share-the-expense car pool.

3. Sustained while **occupying** any vehicle located for use as a residence.

4. Occurring during the course of employment if workers' compensation benefits are required or available. This does not apply to Extended Benefits.

5. Sustained while **occupying**, or when struck by, any vehicle, other than **your covered auto**, that is owned by **you** or furnished or available for **your** regular use.

6. Sustained while **occupying**, or when struck by, any vehicle, other than **your covered auto**, that is owned by or furnished or available for the regular use of any **family member.** This does not apply to **you.**

7. Sustained while **occupying** a vehicle without expressed or implied permission.

8. Sustained while **occupying** a vehicle when it is being used in the business or occupation of a **covered person.** This does not apply to **BI** sustained while **occupying** a private passenger auto; a pickup or **van you** own; or a **trailer** used with these vehicles.

9. Caused by or as a consequence of war, insurrection, revolution, nuclear reaction, or radioactive contamination.

10. Sustained while **occupying your covered auto** while it is rented or leased to others.

11. Sustained while a participant in, or in practice for, any speed contest.

## OTHER INSURANCE

If there is other applicable auto medical payments insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide with respect to a vehicle **you** do not own shall be excess over any other collectible auto insurance providing payments for medical or funeral expenses.

The Death Benefit and Additional Death Benefit provided by Air Bag and Seat Belt Benefits will be paid in addition to any death benefit payable under the policy's Medical Payments Coverage.

If there is other applicable air bag and seat belt benefits, the maximum limit of **our** liability for the death of any one **covered person** under all such policies shall not exceed $15,000 for the Death Benefit and $10,000 for the Additional Death Benefit.

USAA/KRUGER 000028

(PART B Cont'd.)

## SPECIAL PROVISIONS

A. To establish Wage Earner Disability Benefits, any **covered person** making a claim for **income actually lost** must submit all income-related documents **we** may reasonably require.

Income will be computed using the monthly rate being earned on the date of the accident and will be paid monthly as loss accrues. If not a salary or fixed amount, the monthly rate will be the average monthly income actually earned during the 12 months preceding the accident, or during the period the **covered person** actually was employed if less than 12 months.

B. If **your covered auto** and every other motor vehicle **you** own are within the policy territory referred to in Part E, General Provisions, then coverage under Part B will apply to **you** and any **family member** anywhere in the world.

## ARBITRATION

If **we** and a **covered person** do not agree:

1. On the **reasonable fee**;

2. That expenses are reasonable;

3. Whether services or supplies are **medically necessary and appropriate medical services;** or

4. Whether there is coverage under the terms of the Insuring Agreement for Part B.

then, that disagreement may be arbitrated, provided both parties so agree. This arbitration shall be limited to the aforementioned issues and shall not address any other coverage questions. Any arbitration finding that goes beyond the aforementioned issues shall be voidable by **us** or the **covered person** involved in the disagreement.

If both parties agree to arbitrate, each party will select an arbitrator, and those two arbitrators will select a third. If the two arbitrators cannot agree on a third within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

Unless both parties agree otherwise, arbitration will take place in the county in which the **covered person** lived at the time of the accident, and local rules of law as to procedure and evidence will apply. A decision agreed to by two or more of the arbitrators will be binding up to an amount that, when added to amounts previously paid by **us,** does not exceed the limit of liability for this coverage.

---

# PART C – UNINSURED MOTORISTS COVERAGE (referred to as UM)
# UNDERINSURED MOTORISTS COVERAGE (referred to as UIM)

## DEFINITIONS

A. **Covered person** as used in this Part means:

1. **You** or any **family member.**

2. Any other person **occupying your covered auto.**

3. Any person for damages that person is entitled to recover because of **BI** to which this coverage applies sustained by a person described in 1. or 2. above.

B. **Uninsured motor vehicle** means a land motor vehicle or **trailer** of any type:

1. To which no liability bond or policy applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the minimum limit for liability specified by Arizona's Vehicle Insurance and Financial Responsibility Law.

3. That is a hit-and-run motor vehicle. This means a motor vehicle whose owner or operator cannot be identified and that hits:

a. **You** or any **family member;**

b. A vehicle **you** or any **family member** are **occupying; or**

c. **Your covered auto.**

USAA/KRUGER 000029

If there is no physical contact with the hit-and-run vehicle the facts of the accident must be proved. The person making the claim shall provide corroboration that the hit-and-run motor vehicle caused the accident. Corroboration means any additional and confirming testimony, fact or evidence that strengthens and adds weight or credibility to such person's representation of the accident.

4. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company denies coverage or is or becomes insolvent.

C. **Underinsured motor vehicle** means a land motor vehicle or **trailer** of any type to which a liability bond or policy applies at the time of the accident, but the sum of the limits of liability under all liability bonds and insurance policies applicable at the time of the accident is less than the total damages for **BI** resulting from the accident.

However, **underinsured motor vehicle** does not include an **uninsured motor vehicle.**

D. **Uninsured motor vehicle** and **underinsured motor vehicle** do not include any vehicle or equipment:

1. That is **your covered auto.**

2. Operated on rails or crawler treads, except for a snowmobile.

3. Designed mainly for use off public roads while not on public roads.

4. While located for use as a residence or premises.

## INSURING AGREEMENT

### A. UNINSURED MOTORISTS COVERAGE

**We** will pay compensatory damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **BI** sustained by a **covered person** and caused by an auto accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.** Any judgment for damages arising out of a suit brought without **our** written consent is not binding on **us.**

**We** will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements. This provision applies only to Definition B.2. under this Part.

### B. UNDERINSURED MOTORISTS COVERAGE

**We** will pay compensatory damages which a **covered person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **BI** sustained by a **covered person** and caused by an auto accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **underinsured motor vehicle.**

**We** will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements.

## LIMIT OF LIABILITY

A. For **BI** sustained by any one person in any one accident, **our** maximum limit of liability for all resulting damages, including, but not limited to, all direct, derivative or consequential damages recoverable by any persons, is the limit of liability shown in the Declarations under any one vehicle for UM Coverage or for UIM Coverage for "each person", whichever is applicable. Subject to this limit for "each person", the limit of liability shown in the Declarations for "each accident" for UM Coverage or for UIM Coverage is **our** maximum limit of liability for all damages for **BI** resulting from any one accident. These limits are the most **we** will pay regardless of the number of:

1. **Covered persons;**

2. Claims made;

USAA/KRUGER 000030

(PART C Cond't.)

3. Vehicles or premiums shown in the Declarations;

4. Premiums paid; or

5. Vehicles involved in the accident.

B. Any amount otherwise payable for damages under UM or UIM coverage shall be reduced by all sums paid because of the BI by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A.

## EXCLUSIONS

A. **We** do not provide UM or UIM Coverage for **BI** sustained by any **covered person** if that person or the legal representative settles the **BI** claim without **our** consent.

B. **We** do not provide UM Coverage or UIM Coverage for **BI** sustained by any **covered person:**

1. While **occupying your covered auto** when it is being used to carry persons for a fee. This exclusion (C.1.) does not apply to a share-the-expense car pool.

2. Using a vehicle without expressed or implied permission.

3. While **your covered auto** is rented or leased to others.

4. While **occupying** any vehicle when it is being operated in, or in practice for, any speed contest.

C. UM Coverage or UIM Coverage shall not apply directly or indirectly to the benefit of any insurer or self-insurer under any workers' compensation law or similar disability benefits law.

D. **We** do not provide UM Coverage or UIM Coverage for punitive or exemplary damages.

## OTHER INSURANCE

If there is other applicable insurance for UM or UIM Coverage available under one or more policies or provisions of coverage:

1. Any insurance **we** provide with respect to a vehicle **you** do not own will be excess over any collectible insurance.

2. If the coverage under this policy is provided:

a. On a primary basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on a primary basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis.

b. On an excess basis, **we** will pay only **our** share of the loss that must be paid under insurance providing coverage on an excess basis. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits of liability of coverage provided on an excess basis.

## NON-DUPLICATION

No **covered person** will be entitled to receive duplicate payments under this coverage for the same elements of loss which were:

1. Paid because of the **BI** by or on behalf of persons or organizations who may be legally responsible.

2. Paid or payable under any workers' compensation law or similar disability benefits law.

3. Paid under another provision or coverage in this policy.

4. Paid or payable under any other auto policy's No-Fault benefits or medical payments coverage.

## ARBITRATION

This section applies to UM and UIM.

A. If **we** and a **covered person** disagree as to:

1. Whether the **covered person** is legally entitled to recover damages from the owner or operator of an **uninsured motor vehicle** or an **underinsured motor vehicle;** or

2. The amount of damages that the **covered person** is legally entitled to collect from that owner;

USAA/KRUGER 000031

then, that disagreement may be arbitrated, provided both parties so agree. This arbitration shall be limited to the two aforementioned factual issues and shall not address any other issues, including but not limited to, coverage questions. Any arbitration finding that goes beyond the two aforementioned factual issues shall be voidable by **us** or a **covered person.**

B. If both parties agree to arbitration, each party will select an arbitrator, and those two arbitrators will select a third. If the two arbitrators cannot agree on a third within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

C. Unless both parties agree otherwise, arbitration will take place in the county in which the **covered person** lived at the time of the accident, and local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding up to the coverage limit of liability.

# PART D - PHYSICAL DAMAGE COVERAGE

## DEFINITIONS

A. **Actual cash value** means the amount that it would cost, at the time of **loss**, to buy a vehicle of the same make, model, body type, model year, and equipment, with substantially similar mileage and physical condition.

B. **Collision** means the impact with an object and includes upset of a vehicle. **Loss** caused by the following is covered under Comprehensive Coverage and is not considered **collision**: fire; missiles or falling objects; hail, water or flood; malicious mischief or vandalism; theft or larceny; riot or civil commotion; explosion or earthquake; contact with bird or animal; windstorm; or breakage of window glass. If breakage of window glass is caused by a **collision you** may elect to have it considered a **loss** caused by **collision.**

C. **Loss** means direct and accidental damage to the operational safety, function, or appearance of **your covered auto,** including its equipment. **Loss** does not include any diminution in value that remains after the damaged or stolen property or parts thereof have been **repaired** or **replaced.**

D. **Nonowned vehicle** means any private passenger auto, **trailer,** pickup, **van,** or **miscellaneous vehicle** not owned by, or furnished or available for the regular use of, **you** or any **family member.** This applies only when such vehicle is in the custody of or being operated by **you** or a **family member.** A **nonowned vehicle** does not include a **temporary substitute vehicle** or any of the following vehicles used in any business or occupation other than farming or ranching - pickup, **van** or **miscellaneous vehicle.**

E. **Repair or replace** means restoring the damaged property or parts thereof to their pre-accident operational safety, function, and appearance. However, **we** may at **our** option **repair or replace** with parts of like kind and quality, including used or non-OEM parts (non-OEM parts are those produced by someone other than the original equipment manufacturer). **Repair or replace** does not require:

1. A return to the pre-accident market value of the property or parts thereof; or

2. Restoration, alteration, or replacement of undamaged property or parts thereof, unless such is needed for the operational safety of the vehicle.

USAA/KRUGER 000032

(PART D Cont'd)

F. **Your covered auto,** as used in this Part, includes:

1. A **nonowned vehicle.** If there is a **loss** to a **nonowned vehicle, we** will provide the broadest coverage shown in the Declarations.

2. Equipment and accessories of **your covered auto.**

3. Any device or instrument for the transmitting, recording, receiving or reproduction of data, sound or pictures that is operated by power from the electrical system of **your covered auto,** including:

   a. Accessories or antennas; or

   b. Tapes, wires, records, discs or other media for use with any such device or instrument;

   while in or upon **your covered auto.**

## INSURING AGREEMENT

A. Comprehensive Coverage (excluding **collision**). **We** will pay for **loss** caused by other than **collision** to **your covered auto,** minus any applicable deductible shown in the Declarations. The deductible will be waived for **loss** to glass that can be repaired rather than replaced. In cases where the repair proves unsuccessful and the glass must be replaced, the full amount of the deductible, if any, must be paid.

In addition, **we** will pay up to $15 a day, to a maximum of $450, for transportation expenses incurred by **you.** This applies only in the event of a total theft of **your covered auto. We** will pay only transportation expenses incurred during the period beginning 48 hours after the theft and ending when **your covered auto** is returned to use or, if not recovered or not repairable, three days after **we** have made a settlement offer.

If Increased Rental Reimbursement Coverage is afforded, limits for transportation expenses are increased up to $30 per day to a maximum of $900.

B. Collision Coverage. **We** will pay for **loss** caused by **collision** to **your covered auto** minus any applicable deductible shown in the Declarations.

C. Rental Reimbursement Coverage and Increased Rental Reimbursement Coverage (for **loss** other than total theft). **We** will reimburse **you** for expenses **you** incur to rent a substitute for **your covered auto.** These coverages apply only if **your covered auto** is withdrawn from use for more than 24 hours due to a **loss,** other than a total theft, to that auto. **Our** payment will be limited to that period of time reasonably required to **repair or replace your covered auto.** If **we** determine **your covered auto** is not repairable, the rental period will end three days after **we** have made a settlement offer.

Under Rental Reimbursement Coverage, **we** will pay up to $15 a day, to a maximum of $450. Under Increased Rental Reimbursement Coverage, **we** will pay up to $30 a day, to a maximum of $900.

D. Towing and Labor Costs Coverage. **We** will pay the reasonable costs **you** incur for one of the following each time **your covered auto** is disabled:

1. Mechanical labor up to one hour at the place of breakdown.

2. Towing, to the nearest place where necessary repairs can be made during regular business hours, if the vehicle will not run or is stranded on or immediately next to a public road.

3. Delivery of gas, oil, a battery or a change of tire. However, **we** do not pay for the cost of these items.

USAA/KRUGER 000033

## LIMIT OF LIABILITY

A. For total losses, the limit of liability for Comprehensive and Collision Coverages, is the **actual cash value of your covered auto.**

B. For partial losses, the limit of liability for Comprehensive and Collision Coverages is the amount necessary to **repair or replace** the damaged or stolen property or parts thereof without deduction for depreciation.

## PAYMENT OF LOSS

We may pay for loss in money, or **repair or replace** the damaged or stolen property. We may, at our expense, return any stolen property to **you** or to the address shown in the Declarations. If **we** return stolen property **we** will pay for any damage resulting from the theft. **We** may keep all or part of the damaged or stolen property and pay **you** an agreed or appraised value for it. **We** cannot be required to assume the ownership of damaged property. **We** may settle a claim either with **you** or with the owner of the property.

## LOSS PAYABLE CLAUSE

Loss or damage under this policy will be paid, as interest may appear, to the named insured and the loss payee shown in the Declarations. This insurance, with respect to the interest of the loss payee, will not become invalid because of **your** fraudulent acts or omissions unless the **loss** results from **your** conversion, secretion, or embezzlement of **your covered auto. We** may cancel the policy as permitted by policy terms and the cancellation will terminate this agreement as to the loss payee's interest. **We** will give the same advance notice of cancellation to the loss payee as **we** give to the named insured shown in the Declarations. When **we** pay the loss payee **we** will, to the extent of payment, be subrogated to the loss payee's rights of recovery.

## WAIVER OF COLLISION DEDUCTIBLE

We will not apply the deductible to **loss** caused by **collision** with another vehicle if all of these conditions are met:

1. The **loss** to **your covered auto** is greater than the deductible amount; and

2. The owner and driver of the other vehicle are identified; and

3. The owner or driver of the other vehicle has a liability policy covering the **loss;** and

4. The driver of **your covered auto** is not legally responsible, in any way, for causing or contributing to the **loss.**

## EXCLUSIONS

We will not pay for:

1. **Loss** to **your covered auto** which occurs while it is used to carry persons for a fee. This does not apply to a share-the-expense car pool.

2. Damage due and confined to wear and tear, freezing, or road damage to tires. This does not apply if the damage results from the total theft of **your covered auto.** This exclusion (2.) does not apply to Towing and Labor Costs Coverage.

3. Damage due and confined to mechanical or electrical breakdown or failure, including such damage resulting from negligent servicing or repair of **your covered auto** or its equipment. **We** will pay for ensuing damage only to the extent the damage occurs outside of the major component (such as transmission/transaxle, electrical system, engine including cooling and lubrication thereof, air conditioning, computer, suspension, braking, drive assembly, and steering) in which the initial mechanical or electrical breakdown or failure occurs.

   This exclusion does not apply if the damage results from the total theft of **your covered auto,** and it does not apply to Towing and Labor Costs Coverage.

4. **Loss** due to or as a consequence of war, insurrection, revolution, nuclear reaction, or radioactive contamination.

5. **Loss** to a camper body or **trailer you** own which is not shown in the Declarations. This does not apply to one **you** acquire during the policy period and ask **us** to insure within 30 days after **you** become the owner.

6. **Loss** to any **nonowned vehicle** or **temporary substitute vehicle** when used by any person without a reasonable belief that that person is entitled to do so.

USAA/KRUGER 000034

7. **Loss** to equipment designed or used to evade or avoid the enforcement of motor vehicle laws.

8. **Loss** to any **nonowned vehicle** arising out of its use by **you** or a **family member** while employed or otherwise engaged in **auto business** operations.

9. **Loss** to **your covered auto** while it is rented or leased to others.

10. **Loss** to any vehicle while it is being operated in, or in practice for, any speed contest.

11. **Loss** resulting from:

    a. The acquisition of a stolen vehicle;

    b. Any legal or governmental action to return a vehicle to its legal owner; or

    c. Any confiscation or seizure of a vehicle by governmental authorities.

    This exclusion does not apply to innocent purchasers of stolen vehicles for value under circumstances that would not cause a reasonable person to be suspicious of the sales transaction or the validity of the title.

12. **Loss** resulting from use in any illicit or prohibited trade or transportation.

13. Any **loss** arising out of any act committed:

    a. By or at the direction of **you** or any **family member**; and

    b. With the intent to cause a **loss.**

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the **loss**, we will pay only **our** share of the **loss**. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide with respect to a **nonowned vehicle** or **temporary substitute vehicle** will be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **nonowned vehicle** or **temporary substitute vehicle**.

2. Any other applicable physical damage insurance.

3. Any other source of recovery applicable to the **loss.**

This provision does not apply to Towing and Labor Costs Coverage.

## APPRAISAL

If **we** and **you** do not agree on the amount of **loss**, either may demand an appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the **actual cash value** and the amount of **loss**. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and share the expenses of the umpire equally. Neither **we** nor **you** waive any of **our** rights under this policy by agreeing to an appraisal.

# PART E - GENERAL PROVISIONS

## AIR BAG

If an air bag in **your covered auto** deploys for any reason, **we** will pay without deductible to replace it.

## BANKRUPTCY

Bankruptcy or insolvency of the **covered person**, as defined in this policy, shall not relieve **us** of any obligations under this policy.

## CHANGES

A. The premium is based on information **we** have received from **you** and other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete. **You** agree that if this information changes, or is incorrect or incomplete, **we** may adjust **your** premiums accordingly during the policy period.

USAA/KRUGER 000035

B. If, during the policy period, the risk exposure changes for any of the following reasons, the necessary premium adjustments will be made effective the date of change in exposure. **You** agree to give **us** notice of such exposure changes as soon as is reasonably possible:

1. Change in location where any vehicle is garaged.

2. Change, addition, or deletion relating to the description, equipment, purchase date, registration, cost, usage, miles driven annually, or operators of any vehicle.

3. Replacement, deletion, or addition of any vehicle. **You** must request coverage for a newly acquired vehicle within 30 days from the date the vehicle is acquired if **you** wish to continue any coverage. See DEFINITIONS - **your covered auto.**

4. Change, addition, or deletion relating to the date of birth, marital status, or driving record of any operator.

5. Addition or deletion of an operator.

6. Change, addition, or deletion of any coverage or limits.

C. **We** will make any calculations or adjustments of **your** premium using the applicable rules, rates, and forms as of the effective date of the change.

D. If **we** make a change which broadens coverage under this edition of **our** policy without additional premium charge, that change will automatically apply to **your** insurance as of the date **we** implement that change in **your** location. This paragraph does not apply to changes implemented with a revision that includes both broadenings and restrictions in coverage. Otherwise, this policy includes all of the agreements between **you** and **us.** Its terms may not be changed or waived except by endorsement issued by **us.**

## DUTIES AFTER AN ACCIDENT OR LOSS

A. **We** must be notified promptly of how, when, and where an accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:

1. Cooperate with **us** in the investigation, settlement, or defense of any claim or suit.

2. Promptly send **us** copies of any notices or legal papers received in connection with a suit, accident or loss.

3. Submit, as often as **we** reasonably require:

   a. To physical exams by physicians we select. **We** will pay for these exams.

   b. To examination under oath. The examination must be signed.

4. Authorize **us** to obtain medical reports and other pertinent records.

5. Submit a proof of loss when required by **us.**

6. Promptly notify the police if a hit-and-run driver is involved.

C. A person seeking coverage under Part D - Physical Damage Coverage must also:

1. Take reasonable steps after loss to protect **your covered auto** and its equipment from further loss. **We** will pay reasonable expenses incurred to do this.

2. Promptly notify the police if **your covered auto** is stolen.

3. Permit **us** to inspect and appraise the damaged property before its repair or disposal.

## LEGAL ACTION AGAINST US

A. No legal action may be brought against **us** until there has been full compliance with all the terms of this policy. In addition, under Part A, no legal action may be brought against **us** until **we** agree in writing that the **covered person,** as defined in Part A, has an obligation to pay, or the amount of that obligation has been finally determined by judgment after trial.

B. No person or organization has any right under this policy to bring **us** into any action to determine the liability of a **covered person,** as defined in this policy.

USAA/KRUGER 000036

(PART E Cont'd.)

## MISREPRESENTATION

We do not provide coverage in excess of the minimum amount required by the Motor Vehicle Safety Responsibility Act, for any **covered person**, as defined in this policy, who has knowingly concealed or misrepresented any material fact or circumstance relating to this insurance:

1. At the time application was made; or

2. At any time during the policy period; or

3. In connection with the presentation or settlement of a claim.

## NON-DUPLICATION OF PAYMENT

When a claim, or part of a claim, is payable under more than one provision of this policy, we will pay the claim only once under this policy.

## OUR RIGHT TO RECOVER PAYMENT

A. If **we** make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, **we** will be subrogated to that right. That person shall do whatever is necessary to enable **us** to exercise **our** rights, and shall do nothing after loss to prejudice them.

However, these rights:

1) under Part B – Medical Payments Coverage,

   a. **we** will be entitled to the proceeds of the recovery, and

   b. **we** will have a lien against such recovery.

2) under Part C – UM Coverage, apply only to amounts recoverable from the uninsured owner or operator,

3) under Part C – UIM Coverage, do not apply; and

4) under Part D, do not apply against any person using **your covered auto** with a reasonable belief that that person is entitled to do so.

B. If **we** make a payment under this policy and the person to or for whom payment was made recovers damages from another, that person shall hold in trust for **us** the proceeds of the recovery and reimburse **us** to the extent of **our** payment.

However, these rights:

1) under Part B – Medical Payments Coverage, do not apply, except that **we** shall have a lien against any amount in excess of $5,000 that is paid to or on behalf of a **covered person** under Medical Payments Coverage.

2) under Part C – UM Coverage, apply only to amounts recoverable from the uninsured driver,

3) under Part C – UIM Coverage, do not apply.

C. If the **covered person**, as defined in this policy, recovers from the party at fault and **we** share in the recovery, **we** will pay **our** share of the legal expenses. **Our** share is that percent of the legal expenses that the amount **we** recover bears to the total recovery. This does not apply to any amounts recovered or recoverable by **us** from any other insurer under any inter-insurer arbitration agreement.

D. If **we** make payment for a claim under Part A, and the **covered person**, as defined in Part A:

1. Failed or refused to comply with the duties specified in this provision; and

2. Prejudiced **our** defense of the liability claim by such failure or refusal;

then, the **covered person** shall reimburse **us** to the extent of **our** payment and cost of defense.

## OWNERSHIP

For purposes of this policy, a private passenger type auto, pickup or **van** is deemed to be owned by a person if leased under a written agreement to that person for a continuous period of at least six months.

## POLICY PERIOD AND TERRITORY

A. This policy applies only to accidents and losses which occur during the policy period as shown in the Declarations and within the policy territory. The policy territory is the United States of America (USA), its territories or possessions, Puerto Rico, and Canada, including transportation of **your covered auto** between any ports of these locations.

USAA/KRUGER 000037

**(PART E Cont'd.)**

B. The policy territory also includes Mexico, subject to the following conditions:

1. All coverages afforded by the policy are extended to include coverage during trips into Mexico. This applies only to loss or accident that occurs within 75 miles of the USA border.

2. Any liability coverage afforded by the policy is extended to include the remainder of Mexico, but only if **you** have valid and collectible liability coverages from a licensed Mexican insurance company at the time of loss. Also, for this Part to be effective, the original liability suit for **BI** or **PD** must be brought in the USA.

This coverage does not extend:

a. To any **covered person,** as defined in this policy, who does not live in the USA.

b. To any **covered person,** as defined in this policy, **occupying** an auto which is not principally garaged and used in the USA.

c. To any auto which is not principally garaged and used in the USA.

The words "state or province" as used in the Out of State Coverage provision in Part A of the policy do not include a "state or province" of Mexico.

Losses payable under Part D of the policy will be paid in the USA. If the auto must be repaired in Mexico, **our** limit of liability will be determined at the nearest point in the USA where repairs can be made.

Any insurance **we** provide will be excess over any other similar valid and collectible insurance.

**TERMINATION**

A. Cancellation. This policy may be cancelled during the policy period as follows:

1. The named insured may cancel this policy at any time, but the effective date of cancellation cannot be earlier than the date of the request.

2. **We** may cancel by mailing notice to the named insured shown in the Declarations at least 10 days prior to the date cancellation is to take effect in all cases except for cancellations for nonpayment of premium.

3. **We** may cancel if the named insured shown in the Declarations fails to pay the premium for this policy or any installment thereof on or before 7 days after the premium due date, except for the first due date. The cancellation is effective on the date the notice is mailed to the policyholder.

4. After this policy is in effect for 60 days or if this is a renewal or continuation policy, we will cancel only if:

a. the named insured shown in the Declarations fails to pay the premium for this policy or any installment thereof on or before 7 days after the premium due date;

b. the insurance was obtained through fraudulent misrepresentation;

c. **you,** and any other driver who lives with **you** and who customarily uses **your covered auto,** or any other driver who regularly and frequently uses **your covered auto:**

(1) has had their driver's license suspended or revoked during the policy period;

(2) becomes [permanently disabled, either physically or mentally, and that individual does not produce a certificate from a physician testifying to that individual's ability to operate a motor vehicle;

(3) is or has been convicted during the 36 months immediately preceding the effective date of the policy or during the policy period of:

(a) criminal negligence resulting in death, homicide or assault, arising out of the operation of a motor vehicle;

(b) operating a motor vehicle while in an intoxicated condition or while under the influence of drugs;

(c) leaving the scene of the accident;

(d) making false statements in an application for a driver's license;

(e) reckless driving;

USAA/KRUGER 000038

(PART E Cont'd.)

unless **you** agree in writing to exclude as insured such a person by name when operating a motor vehicle and also agree to exclude coverage to the named insured for any negligence which may be imputed by law to the named insured arising out of the maintenance, operation or use of a motor vehicle by such excluded person.

d. **We** are placed in rehabilitation or receivership by the Insurance Supervisory Official in **our** state of domicile or by a court of competent jurisdiction or the Director of Insurance has suspended **our** Certificate of Authority based on **our** financially hazardous condition.

e. **Your covered auto** is used regularly and frequently for commercial purposes by:

(1) **you**;

(2) any other driver who lives with **you** and who customarily uses **your covered auto**; or

(3) any other driver who regularly and frequently uses **your covered auto.**

f. The director determines that the continuation of the policy would place the insurer in violation of the laws of this state or would jeopardize the solvency of the insurer.

5. **We** may cancel for any other reason permitted by law.

B. Nonrenewal.

1. **We** may nonrenew or refuse to continue this policy only if:

a. one of the reasons listed in Termination a.4. exists; or

b. **you,** any other driver who lives with **you** and who customarily uses **your covered auto,** or any other driver who regularly and frequently uses **your covered auto** have individually had:

three or more accidents, occurring after 07/20/96, in which that person was at least 50 percent responsible, and

where the property damage paid by **us** for each accident is more than $1,800.

For accidents occurring after January 1, 2000, the threshold amount ($1,800) will be adjusted by the Arizona Department of Insurance to reflect inflation. However, **we** will not refuse to renew or continue this policy under this provision:

(1) Unless the same person has had all the accidents that make the policy subject to nonrenewal; or

(2) Based on the accident record of the named insured, if that named insured has been insured with **us** for at least 10 consecutive years for standard automobile bodily injury liability coverage prior to the most recent accident that makes the policy subject to nonrenewal, or

(3) If **you** agree in writing to exclude as insured the person by name when operating a motor vehicle and further agree to exclude coverage to the named insured for any negligence which may be imputed by law to the named insured arising out of the maintenance, operation, or use of a motor vehicle by the excluded person.

The written agreement that excludes coverage under **your** policy for a named individual is effective for each renewal of **your** policy and remains in effect until **we** agree in writing to provide coverage for the individual previously excluded from coverage.

2. If **we** decide not to renew or continue this policy, **we** will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed:

a. at least 10 days before the end of the policy period if one of the reasons listed in Termination A.4 exists; or

b. at least 45 days before the end of the policy period if the reason described above in Termination B.1.b exists.

USAA/KRUGER 000039

C. Other Termination Provisions.

1. If this policy is cancelled, the named insured shown in the Declarations may be entitled to a premium refund. If so, **we** will send the refund with **our** notification. The premium refund, if any, will be computed according to **our** manuals.

2. The effective date of cancellation stated in the notice shall become the end of the policy period.

3. If **you** obtain other insurance on **your** **covered** **auto**, any similar insurance provided by this policy will terminate as to that auto on the effective date of the other insurance. This does not apply to liability coverage purchased for travel in Mexico.

## TRANSFER OF YOUR INTEREST IN THIS POLICY

**Your** rights and duties under this policy may not be assigned without **our** written consent. However, if a named insured shown in the Declarations dies, we will provide coverage for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and

2. The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use **your covered auto.**

## TWO OR MORE AUTO POLICIES

If this policy and any other auto insurance policy we issued to **you** apply to the same accident, the maximum limit of **our** liability under all the policies will not exceed the highest applicable limit of liability under any one policy.

Copyright, USAA, 1998. All rights reserved.
Includes copyrighted material of Insurance Services Office, used with permission.

USAA/KRUGER 000040

(THIS PAGE INTENTIONALLY LEFT BLANK)

USAA/KRUGER 000041

## ADDITIONAL COVERED PERSON ENDORSEMENT

This endorsement forms a part of the auto policy to which it is attached. It is effective from the policy effective date or from the date shown on the amended Declarations.

We agree that, with respect to the covered auto described in the Declarations, Part A, Liability Coverage, applies to each additional covered person named in the Declarations, but only to the extent that such additional covered person qualifies as a **covered person** under Definition No. 3 of **covered person** in Part A of the policy. **Our** inclusion of this additional covered person does not operate to increase the limits shown in the Declarations.

This additional covered person is not responsible for the payment of any premiums. Any premiums returned and any dividend **we** may declare will be paid to the named insured.

The named insured is authorized to act for the additional covered person in all matters pertaining to this insurance.

**We** further agree that if the named insured elects to cancel the policy, **we** will mail a written notice of the cancellation and its effective date to the additional covered person at the address shown in the Declarations. If **we** decide to cancel the policy, **we** will give the same advance notice of cancellation to the additional covered person as **we** give to the named insured shown in the Declarations.

Countersigned by:

A073(04)   Rev. 9-98

USAA/KRUGER 000042

# AMENDMENT OF POLICY PROVISIONS

The coverage provided by this endorsement is subject to all provisions of the policy and its endorsements which are not modified by this endorsement.

This endorsement replaces Part D in its entirety.

## PART D - PHYSICAL DAMAGE COVERAGE

### DEFINITIONS

A. **Actual cash value** means the amount that it would cost, at the time of **loss**, to buy a comparable vehicle. As applied to **your covered auto**, a comparable vehicle is one of the same make, model, model year, body type, and options with substantially similar mileage and physical condition.

B. **Collision** means the impact with an object and includes upset of a vehicle. **Loss** caused by the following is covered under Comprehensive Coverage and is not considered **collision:** fire; missiles or falling objects; hail, water or flood; malicious mischief or vandalism; theft or larceny; riot or civil commotion; explosion or earthquake; contact with bird or animal; windstorm; or breakage of window glass. If breakage of window glass is caused by a **collision you** may elect to have it considered a **loss** caused by **collision.**

C. **Equipment and accessories** means personal property while in or upon **your covered auto.**

D. **Loss** means direct and accidental damage to the operational safety, function, or appearance of, or theft of, **your covered auto** or **equipment and accessories** that are not permanently installed in **your covered auto. Loss** includes a total loss, but does not include any damage other than the cost to **repair** or replace. **Loss** does not include any loss of use, or diminution in value that would remain after **repair or replacement** of the damaged or stolen property.

E. **Nonowned vehicle.**

1. **Nonowned vehicle** means any private passenger auto, pickup, **van,** or **miscellaneous vehicle, or trailer** not owned by, or furnished or available for the regular use of, **you** or a **family member.** This applies only when such vehicle is in the custody of or being operated by **you** or a **family member.**

2. A **nonowned vehicle** does not include any of the following vehicles used in any business or occupation other than farming or ranching:

   a. A pickup;

   b. A **van;** or

   c. A **miscellaneous vehicle.**

F. **Repair.**

1. **Repair** means restoring the damaged property to its pre-**loss** operational safety, function, and appearance. This may include the replacement of component parts.

2. **Repair** does not require:

   a. A return to pre-**loss** market value of the property;

   b. Restoration, alteration, or replacement of undamaged property, unless such is needed for the operational safety of the vehicle; or

   c. Rekeying of locks following theft or misplacement of keys.

USAA/KRUGER 000043

G. **Your covered auto,** as used in this Part, includes:

1. **Equipment and accessories** permanently installed in **your covered auto.**

2. A **nonowned vehicle.** If there is a **loss** to a **nonowned vehicle, we** will provide the broadest coverage shown on the Declarations.

## INSURING AGREEMENT

A. Comprehensive Coverage (excluding **collision**).

1. Physical damage. **We** will pay for **loss** caused by other than **collision** to **your covered auto,** and **equipment and accessories** that are not permanently installed in **your covered auto** minus any applicable deductible shown on the Declarations. The deductible will be waived for **loss** to glass that can be repaired rather than replaced. In cases where the repair proves unsuccessful and the glass must be replaced, the full amount of the deductible, if any, must be paid.

2. Transportation expenses. **We** will also pay:

   a. Up to $15 a day, to a maximum of $450, for transportation expenses incurred by **you.** This applies only in the event of a total theft of **your covered auto. We** will pay only transportation expenses incurred during the period beginning 48 hours after the theft and ending when **your covered auto** is returned to use or, if not recovered or not **repairable,** up to seven days after **we** have made a settlement offer.

   b. If Increased Rental Reimbursement Coverage is afforded, limits for transportation expenses are increased up to $30 per day to a maximum of $900.

3. If Full Safety Glass Coverage is afforded, **we** will pay under Comprehensive Coverage for the cost of repairing or replacing damaged safety equipment on **your covered auto** without a deductible. Safety equipment means the glass used in the windshield, doors, and windows and the glass, plastic or other material used in the lights.

B. Collision Coverage. **We** will pay for **loss** caused by **collision** to **your covered auto** and **equipment and accessories** that are not permanently installed in **your covered auto,** minus any applicable deductible shown on the Declarations.

C. Rental Reimbursement Coverage and Increased Rental Reimbursement Coverage (for **loss** other than total theft).

1. **We** will reimburse **you** for expenses **you** incur to rent a substitute for **your covered auto.** These coverages apply only if:

   a. **Your covered auto** is withdrawn from use for more than 24 hours due to a **loss,** other than a total theft, to that auto; and

   b. The **loss** is covered under Comprehensive Coverage or caused by **collision,** and the cause of **loss** is not otherwise excluded under Part D of this policy.

2. **We** will reimburse **you** only for that period of time reasonably required to **repair** or replace **your covered auto.** If **we** determine **your covered auto** is a total **loss,** the rental period will end no later than seven days after **we** have made a settlement offer.

D. Towing and Labor Costs Coverage. **We** will pay the reasonable costs **you** incur for one of the following each time **your covered auto** is disabled:

1. Mechanical labor up to one hour at the place of breakdown.

USAA/KRUGER 000044

2. Towing, to the nearest place where necessary repairs can be made during regular business hours, if the vehicle will not run or is stranded on or immediately next to a public road.

3. Delivery of gas to, or a change of tire on a disabled vehicle. However, **we** do not pay for the cost of these items.

## LIMIT OF LIABILITY

A. Total loss to **your covered auto. Our** limit of liability under Comprehensive Coverage and Collision Coverage is the **actual cash value** of the vehicle. **We** will declare **your covered auto** to be a total loss if, in **our** judgment, the cost to **repair** it would be greater than its **actual cash value** minus its salvage value after the **loss.**

B. Other than a total **loss** to **your covered auto.**

1. **Our** limit of liability under Comprehensive Coverage and Collision Coverage is the amount necessary to **repair** the **loss** based on **our** estimate or an estimate that **we** approve, if submitted by **you** or a third-party. Upon request, we will identify at least one facility that is willing and able to complete the **repair** for the amount of the estimate.

2. **Our** estimate may specify used, rebuilt, remanufactured, or non-Original Equipment Manufacturer (non-OEM) parts.

3. **You** may request that damaged parts be replaced with new Original Equipment Manufacturer (OEM) parts. **You** will be responsible however, for any cost difference between the parts included in **our** estimate and the new OEM parts used in the repair.

4. **We** will not take a deduction for depreciation. **We** will take a deduction if prior damage has not been **repaired.** Prior damage does not include wear and tear.

C. **Equipment and accessories** that are not permanently installed in **your covered auto.** The limits of liability described below are separate from the limits available for a **loss** to **your covered auto:**

1. **Our** limit of liability is the lesser of:

a. The amount necessary to replace the damaged or stolen property; or

b. $250.

2. **We** will not take a deduction for depreciation.

D. Under Rental Reimbursement Coverage, **our** limit of liability is $15 a day, to a maximum of $450. Under Increased Rental Reimbursement Coverage, **our** limit of liability is $30 a day, to a maximum of $900.

E. Under Towing and Labor Costs Coverage, **our** limit of liability is the reasonable price for the covered service.

## PAYMENT OF LOSS

We may pay for **loss** in money, or **repair or replace** the damaged or stolen property. **We** may, at **our** expense, return any stolen property to **you** or to the address shown on the Declarations. If **we** return stolen property, we will pay for any damage resulting from the theft. **We** may keep all or part of the damaged or stolen property and pay **you** an agreed or appraised value for it. **We** cannot be required to assume the ownership of damaged property. **We** may settle a claim either with **you** or with the owner of the property.

## LOSS PAYABLE CLAUSE

**Loss** or damage under this policy will be paid, as interest may appear, to the named insured (or, in the case of domestic abuse, the innocent victim) and the loss payee shown on the Declarations. This insurance, with respect to the interest of the loss payee, will not become invalid because of **your** fraudulent acts or omissions unless the **loss** results from **your** conversion, secretion, or embezzlement of **your covered auto. We** may cancel the policy

USAA/KRUGER 000045

as permitted by policy terms and the cancellation will terminate this agreement as to the loss payee's interest. **We** may send notices to the loss payee either by mail or by electronic means. However, if the loss payee requests in writing that **we** not send notice of cancellation, **we** will abide by that request. When **we** pay the loss payee **we** will, to the extent of payment, be subrogated to the loss payee's rights of recovery.

## WAIVER OF COLLISION DEDUCTIBLE

**We** will not apply the deductible to **loss** caused by **collision** with another vehicle if all of these conditions are met:

1. The **loss** to **your covered auto** is greater than the deductible amount; and

2. The owner and driver of the other vehicle are identified; and

3. The owner or driver of the other vehicle has a liability policy covering the **loss;** and

4. The driver of **your covered auto** is not legally responsible, in any way, for causing or contributing to the **loss.**

## EXCLUSIONS

**We** will not pay for:

1. **Loss** to **your covered auto** which occurs while it is being used to carry passengers for a fee. This **exclusion** (1.) does not apply to:

    a. A share-the-expense car pool; or

    b. **Your covered auto** used for volunteer work for a tax exempt A.R.S. section 43-1201 (4) organization.

2. Damage due and confined to road damage to tires, wear and tear, or freezing. This exclusion (2.) does not apply if the damage results from the total theft of **your covered auto.** This exclusion (2.) does not apply to Towing and Labor Costs Coverage.

3. Damage due and confined to mechanical or electrical breakdown or failure, including such damage resulting from negligent servicing or repair of **your covered auto** or its equipment. **We** will pay for ensuing damage only to the extent the damage occurs outside of the major component (such as transmission/transaxle, electrical system, engine including cooling and lubrication thereof, air conditioning, computer, suspension, braking, drive assembly, and steering) in which the initial mechanical or electrical breakdown or failure occurs.

    This exclusion (3.) does not apply if the damage results from the total theft of **your covered auto,** and it does not apply to Towing and Labor Costs Coverage.

4. **Loss** due to or as a consequence of war, insurrection, revolution, nuclear reaction, or radioactive contamination.

5. **Loss** to a camper body or **trailer you** own which is not shown on the Declarations. This does not apply to one **you** acquire during the policy period and ask **us** to insure within 30 days after **you** become the owner.

6. **Loss** to any **nonowned vehicle** when used by any person without a reasonable belief that that person is entitled to do so.

7. **Loss** to equipment designed or used to evade or avoid the enforcement of motor vehicle laws.

8. **Loss** to any **nonowned vehicle** arising out of its use by **you** or a **family member** while employed or otherwise engaged in **auto business** operations.

9. **Loss** to **your covered auto** while it is rented or leased to others.

10. **Loss** to any vehicle while it is being operated in, or in practice for, any **driving contest or challenge.**

USAA/KRUGER 000046

11. **Loss** resulting from:

    a. The acquisition of a stolen vehicle;

    b. Any legal or governmental action to return a vehicle to its legal owner; or

    c. Any confiscation or seizure of a vehicle by governmental authorities.

This exclusion (11.) does not apply to innocent purchasers of stolen vehicles for value under circumstances that would not cause a reasonable person to be suspicious of the sales transaction or the validity of the title.

12. **Loss** resulting from use in any illicit or prohibited trade or transportation.

13. Any **loss** arising out of any act committed:

    a. By or at the direction of **you** or any **family member**; and

    b. With the intent to cause a **loss**.

However, this exclusion (13.) will not apply to deny a claim **you** or any **family member** may have for an otherwise covered **loss** under this Part D if such **loss** is caused by an act of domestic violence by **you** or any **family member**, and **you** or the **family member** making the claim;

        (i) Did not cooperate in or contribute to the creation of the **loss**; and

        (ii) Cooperates in any investigation relating to the **loss**.

    We may apply reasonable standards of proof for such claims.

    c. If **we** pay a claim pursuant to Paragraph 13.b. our payment to **you** or any **family member** is limited to **your** or the **family member's** insurable interest in the property less any payments we first made to a mortgagee or other party with a secured interest in the property. In no event will we pay more than the amount of the **loss**.

## NO BENEFIT TO BAILEE

This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, **we** will pay only **our** share of the **loss**. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide with respect to a **nonowned vehicle** will be excess over any other collectible source of recovery including, but not limited to:

1. Any coverage provided by the owner of the **nonowned vehicle.**

2. Any other applicable physical damage insurance.

3. Any other source of recovery applicable to the **loss.**

This provision does not apply to Towing and Labor Costs Coverage.

## APPRAISAL

If **we** and **you** do not agree on the amount of loss, either may demand an appraisal. In this event, each party will select a competent appraiser. The two appraisers will select an umpire. The appraisers will state separately the **actual cash value** and the amount of **loss.** If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will pay its chosen appraiser and share the expenses of the umpire equally. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

Copyright, USAA 2008. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc., with its permission.

USAA/KRUGER 000047

# AMENDATORY ENDORSEMENT
# TRANSPORTATION EXPENSES/RENTAL REIMBURSEMENT

This Endorsement forms a part of the auto policy to which it is attached. The coverage provided by this Endorsement is subject to all the provisions of the policy and amendments except as they are modified below. In the event of a conflict with provisions of the auto policy or other Endorsements or Amendments, provisions of this Endorsement will control.

## PART D - PHYSICAL DAMAGE COVERAGE

**INSURING AGREEMENT**

Paragraph A.2. of the Insuring Agreement is revised as follows:

    2. Transportation expenses. **We** will also pay:

        a. Up to $30 a day, to a maximum of $900, for transportation expenses incurred by **you** or a **family member.** This applies only in the event of a total theft of **your covered auto. We** will pay only transportation expenses incurred during the period beginning 48 hours after the theft and ending when **your covered auto** is returned to use or, if not recovered or not **repairable,** up to seven days after **we** have made a settlement offer.

        b. If Rental Reimbursement Coverage is afforded, limits for transportation expenses are the limits of liability shown on the Declarations for Rental Reimbursement Coverage for that vehicle.

Paragraph C. of the Insuring Agreement is replaced in its entirety by the following:

C. Rental Reimbursement Coverage (for **loss** other than total theft).

    1. **We** will reimburse **you** for expenses **you** or a **family member** incurs to rent a substitute for **your covered auto.** This coverage applies only if:

        a. **Your covered auto** is withdrawn from use for more than 24 hours due to a **loss,** other than a total theft, to that auto; and

        b. The **loss** is covered under Comprehensive Coverage or caused by **collision,** and the cause of **loss** is not otherwise excluded under Part D of this policy.

    2. **We** will reimburse **you** only for that period of time reasonably required to **repair** or replace **your covered auto.** If **we** determine **your covered auto** is a total **loss,** the rental period will end no later than seven days after **we** have made a settlement offer.

**LIMIT OF LIABILITY**

Paragraph D. of the Limit of Liability is replaced in its entirety by the following:

D. Under Rental Reimbursement Coverage, **our** maximum limits of liability are the limits of liability shown on the Declarations for Rental Reimbursement Coverage for that vehicle.

USAA/KRUGER 000048

## Amendatory Endorsement
## Auto Policy

The following endorsement forms a part of the auto policy to which it is attached on page 1.

This is a participating policy. You are entitled to dividends as may be declared by the board of directors.

If this policy is issued by United Services Automobile Association ("USAA"), a reciprocal interinsurance exchange, the following apply:

- By purchasing this policy you are a member of USAA and are subject to its bylaws.

- This is a non-assessable policy. You are liable only for the amount of your premium as USAA has a free surplus in compliance with Article 19.03 of the Texas Insurance Code of 1951, as amended.

- The board of directors may annually allocate a portion of USAA's surplus to Subscriber's Accounts. Amounts allocated to such accounts remain a part of USAA's surplus and may be used as necessary to support the operations of the Association. A member shall have no right to any balance in the member's account except until following termination of membership, as provided in the bylaws.

USAA/KRUGER 000049

# AMENDMENT OF POLICY PROVISIONS
## SPOUSE ACCESS

The coverage provided by this endorsement is subject to all provisions of the policy and its endorsements which are not modified by this endorsement.

## PART E - GENERAL PROVISIONS

The **TERMINATION** provision, subsection A., paragraph 1., is replaced by the following:

A. Cancellation. This policy may be cancelled during the policy period as follows:

    1. **You** may cancel this policy at any time, but the effective date of cancellation cannot be earlier than the date of the request.

The following provision is added:

### SPOUSE ACCESS

The named insured and **we** agree that the named insured and resident spouse are "customers" for purposes of state and federal privacy laws. The resident spouse will have access to the same information available to the named insured and may initiate the same transactions as the named insured.

The named insured may notify **us** that he/she no longer agrees that the resident spouse shall be treated as a "customer" for purposes of state and federal privacy laws, and **we** will not permit the resident spouse to access policy information.

Copyright, USAA, 2004. All rights reserved.
Includes copyrighted material of Insurance Services Office, used with permission.

A142(01) 5-04

USAA/KRUGER 000050

# EXHIBIT I

# Lorona Steiner Ducar, Ltd.

3003 North Central Ave, Suite 1500
Phoenix, Arizona 85012
Tel: 602.277.3000 ~ Fax: 602.277.7478
www.azlawyers.com ~ www.azlitigation.com

Leslie Rakestraw, Esq.
Direct Line 602.277.9308
Email: lrakestraw@azlawyers.com

August 31, 2010

USAA Casualty Insurance Company
P.O. Box 33490
San Antonio, Texas 78265

Re:    **Our Client:**    **Daniel Kruger**
        **Policy Number:**    **01644 12 00C 7102 9**
        **Date of Loss:**    **April 7, 2010**

Dear Sir or Madam:

Please be advised that I represent Daniel Kruger pertaining to the automobile collision he was in on April 7, 2010. He was very seriously injured and we have obtained the minimal policy limits of $15,000 from the insurance company for the party at fault for the collision. Please consider this letter written notice of our intention to make a claim for Underinsured Insurance coverage from the above-referred policy. As you know, Daniel Kruger is an insured under this policy as he is a co-owner of the insured vehicle, a 2006 Dodge Caravan.

Mr. Kruger initially treated at St. Joseph's Hospital and Medical Center at 350 West Thomas Road, Phoenix, AZ 85013. The lien from that treatment alone is $64,516.00. He treated for a closed fracture of the second cervical vertebra and a closed fracture of his fibula with tibia, among other injuries. We will be sending you a package to document the medical treatment along with a request to pay the policy limits of $300,000. A copy of the emergency room bill is enclosed in order to justify this as a demand for payment of the $2,000.00 medical payments portion of Mr. Kruger's coverage. If you have any questions regarding the foregoing, please feel free to call me.

Very truly yours,
Lorona Steiner Ducar, Ltd.

Leslie Rakestraw, Esq.
For the firm

LR/itm
cc: Daniel Kruger

USAA/KRUGER 000084

USAA Confidential

0901119c86bf03ce

**EXHIBIT J**

**USAA**®

LESLIE RAKESTRAW, ESQ                                    October 15, 2010
3003 NORTH CENTRAL AVE
SUITE 1500
PHOENIX AZ 85012

Reference: Daniel Kruger

Dear Ms. Rakestraw,

I am writing regarding the claim referenced below.

We have completed our coverage investigation in regards to the request for benefits for underinsured motorist coverage for Daniel Kruger under our member Tami Kapphahn's automobile policy.

These are the facts as they are known.

Mr. Kruger was a passenger in a non-owned vehicle. He is the fianc of the named insured Tami Kapphahn and resides in her household.

There is no co-hab endorsement in place on the policy.

Mr. Kruger was not listed as an operator under Tami Kapphan's policy number 16441200 at the time of this motor vehicle accident. He was not a "Family Member" as he was not related to the named insured by blood, marriage or adoption at the time of the motor vehicle accident.

He was not occupying a vehicle covered under the automobile policy.

**Part C - Uninsured Motorists Coverage**
**Underinsured Motorists Coverage**

**DEFINITIONS**

A. **Covered person** as used in this Part means:
1. **You** or any **family member.**
2. Any other person **occupying your covered auto.**

Based on the policy language noted, coverage would not be provided under the USAA policy.

Please contact me if you have any questions, or if you have further information you would like us to consider.

|            |                        |
|------------|------------------------|
| Policyholder: | Tami Lynn Kapphahn  |
| Reference #: | 16441200-7102-1-8523 |
| Date of loss: | April 7, 2010       |

16441200 - 1 - AZ - 04/07/10 - 8523 - 12 - P200 - DM01771

USAA Confidential

0901119c86e3d661

Loss location: Phoenix, Arizona

You may submit correspondence or questions to me. My contact information is:

**Address:**        USAA
                      PO BOX 659463
                      SAN ANTONIO, TX 78265
**Fax:**             1-800-531-8669
**Phone:**        800-531-8722, ext. 3-1392

Sincerely,

*Vicki Clark*

Vicki Clark
Injury Unit
USAA Casualty Insurance Company

16441200 - 1 - AZ - 04/07/10 - 8523 - 12 - P200 - DM01771

USAA/KRUGER 000095

0901119c86e3d661

USAA Confidential

**EXHIBIT K**

LESLIE RAKESTRAW, ESQ                                  October 22, 2010
3003 NORTH CENTRAL AVE
SUITE 1500
PHOENIX AZ 85012

Reference: Daniel Kruger

Dear Ms. Rakestraw,

I am writing regarding the claim referenced below.

We have completed our coverage investigation in regards to the request for Medical Payments Coverage for Daniel Kruger under our member Tami Kapphahn's auto policy.

These are the facts as they are known.

Mr. Kruger was a passenger in a non-owned vehicle. He is the fiance of the named insured Tami Kapphahn and resides in her household.

There is no co-hab endorsement in place on the policy.

Mr. Kruger was not listed as an operator under Tami Kapphan's policy number 16441200 at the time of the accident. He was not a "family member" as he was not related to the named insured by blood,

marriage, or adoption at this time of the motor vehicle accident.

He was not occupying a vehicle covered under the automobile policy.

We are unable to assist you at this time with the medical claim that has been submitted.

If you have any additional information you would like us to consider, please forward it at your convenience.

| | |
|---|---|
| Policyholder: | Tami Lynn Kapphahn |
| Reference #: | 16441200-7102-1-7247 |
| Date of loss: | April 7, 2010 |
| Loss location: | Phoenix, Arizona |

You may submit correspondence or questions to me. My contact information is:

**Address:**　　　　　Auto Injury Solutions
　　　　　　　　　　　Attn: USAA Medical Mail Dept.
　　　　　　　　　　　P.O. Box 5000
　　　　　　　　　　　Daphne, AL 36526
**Fax:**　　　　　　 1-888-272-1255
**Phone:**　　　　　 800-531-8722, ext. 2-5158

Sincerely,

Jessica A Bryand
Central Region
USAA Casualty Insurance Company

16441200 - 1 - AZ - 04/07/10 - 7247 - 1 - P200 - DM01771

USAA/KRUGER 000097

USAA Confidential

# EXHIBIT L

# Lorona Steiner Ducar, Ltd.

**3003 North Central Ave, Suite 1500**
**Phoenix, Arizona 85012**
**Tel: 602.277.3000 ~ Fax: 602.277.7478**
**www.azlawyers.com ~ www.azlitigation.com**

Leslie Rakestraw, Esq.
Direct Line 602.277.9308
Email: lrakestraw@azlawyers.com

October 21, 2010

Vicki Clark, Injury Unit
USAA Casualty Insurance Company
P.O. Box 659463
San Antonio, Texas 78265

Re: **Our Client:**     **Daniel Kruger**
      **Policy Number:**    **01644 12 00C 7102 9**
      **Date of Loss:**      **April 7, 2010**

Dear Ms. Clark:

Thank you for your letter of October 15, 2010. I reviewed it with Dan Kruger and Tami Kapphahn. They have asked me to reconsider your position regarding coverage and have given me the following additional information. Tami and Dan have been together for 5-1/2 years. They have the following with USAA: a joint savings account; insurance on their home which they own together, and automobile insurance on their two vehicles, the 2006 Dodge Caravan purchased jointly in June or July of 2007, and a 2010 RAV4, purchased jointly in September of 2010. They have assumed all along that Dan was a co-insured with Tami despite their status of living together without being married.

Enclosed is a copy of one of their insurance cards, listing Dan as a co-insured. Ms. Kapphahn purchased all their insurance with USAA online. Our research shows that nowhere on the USAA site does it advise a potential insured that he or she must purchase a "co-hab endorsement" if the parties live together but are not married. I have an insurance bad faith expert who assures me this fits into the category of insurance broker negligence. Please reconsider your position. I have always considered USAA one of the better insurance companies. If you have any questions regarding the foregoing or would like to discuss this matter, please feel free to call me.

Very truly yours,
**Lorona Steiner Ducar, Ltd.**

Leslie Rakestraw, Esq.
For the firm

LR/itm
Enclosure

USAA/KRUGER 000088

USAA Confidential

0901119c86f05c57

**ARIZONA AUTOMOBILE INSURANCE CARD**

**USAA CASUALTY INSURANCE COMPANY**

9800 Fredericksburg Road
San Antonio, TX 78288

Coverage meets the limits required by law. Arizona law requires evidence of insurance be carried in the vehicle at all times. Coverage automatically extends to a newly acquired car until a new card can be issued.

INSURED
TAMI LYNN KAPPHAHN
DANIEL M KRUGER

| ADOT CODE | POLICY NUMBER |
|-----------|---------------|
| 0543 | 01644 12 00C 7102 9 |

| EFFECTIVE | EXPIRATION |
|-----------|------------|
| 08/12/10 | 02/12/11 |

| YEAR | MAKE | VIN |
|------|------|-----|
| 2008 | DODGE | 1D4GP45R08B629380 |

POLICY SERVICE (800) 531-8111
CLAIMS (800) 531-8222

0901119c86f05c57

USAA Confidential

**EXHIBIT M**

LESLIE RAKESTRAW, ESQ                                    November 2, 2010
3003 NORTH CENTRAL AVE
SUITE 1500
PHOENIX AZ 85012

Reference: Daniel Kruger

Dear Ms. Rakestraw,

I am writing regarding the claim referenced below.

Per your request, we have reviewed this matter again. We believe our decision with respect to the matter is correct based on policy language and all endorsements to the policy.

We will be unable to provide underinsured motorist coverage under our insured Tami Kapphahn's policy number 0164412007102 for this motor vehicle accident.

| | |
|---|---|
| Policyholder: | Tami Lynn Kapphahn |
| Reference #: | 16441200-7102-1-8523 |
| Date of loss: | April 7, 2010 |
| Loss location: | Phoenix, Arizona |

You may submit correspondence or questions to me. My contact information is:

| | |
|---|---|
| **Address:** | USAA |
| | PO BOX 659463 |
| | SAN ANTONIO, TX 78265 |
| **Fax:** | 1-800-531-8669 |
| **Phone:** | 800-531-8722, ext. 3-1392 |

Sincerely,

Vicki Clark
Injury Unit
USAA Casualty Insurance Company

16441200 - 1 - AZ - 04/07/10 - 8523 - 12 - P200 - DM01771

**EXHIBIT N**

Date Sent: 6/14/2005 9:56:02 PM
Member Number: 16441200
From: USAA

Subject: Automobile Policy Quote Request

Thank you for using our online, self-service Auto Policy Service Center on
usaa.com. For your convenience, our web site offers 24 hour access to your
personal account information as well as many of our products and services.  We
invite you to return again.

It appears you are requesting to add Daniel M. Kruger and his vehicle to your
Auto Policy.   Please note that under certain circumstances we may add him to
your policy; however, certain terms and conditions apply.  We will need some
additional information to determine the eligibility of Daniel for coverage on
your policy.

Please contact us at your earliest convenience at 1-800-531-8111 to further
review your quote request. We appreciate the opportunity to serve you.

Thank you for trusting USAA with your insurance needs.  If you would like to
reply to this message, please do so within 5 days from the date you received
this message as it will be unavailable after that timeframe.

Sincerely,

Rosemary McCoy
Member Service Specialist
Policy Service Support 2 – Phoenix Office
United Services Automobile Association

1-800-531-8111, Extension 3-3268

Message delivery notification sent to: Tigger_tlc@yahoo.com

usaa.com links
_____
Setup Automatic Payments
servlet,PcPremiumPay
Electronic Document Delivery Signup
servlet,CpEdd,action=HowItWorks

USAA/KRUGER 000491

**EXHIBIT O**

```
    DOC NR - 00010    SUMMARY - AUTO QUOTE-ADD FRIEND & VEH
       EMPL - 66422       NAME - GRAY,TIYA NICOLE           PH - 000-000-0000
       UNIT - 31852        LOC -           DATE - 09-19-2006 TIME - 11:30:24 EST
CNTC METH - T    CNTC T/F - F    CNTC WITH - C
CNTC NAME -
```

--NI INQ ON ADDING FIANCE AND VEH TO AU PLCY HAS OWN COVERAGE W/AIG
--NO WEDDING DATE NI STATED FIANCE DOESNT USE HER VEH
--JUST WANTED TO INQ ON IF SHE CLD ADD FIANCE TO HER PLCY
--EXPL ELGIBILITY VEH REG IN FIANCE NAME ONLY ADV NI FIANCE WL ND
--TO KEEP HIS OTHER COVERAGE NOT ELGIBLE FOR USAA AT THIS TIME
--EXPL ELGIBILITY PER IOP.


          LEV1     LEV2          LEV3          LEV4          LEV5
FILING - PC     AO

UPDATE (A/C) : _
                                                    PSWD:
PF1=HELP 7=BKWD 8=FWD 9=NEXT 10=RTRN 12=PGBK 14=EXP 15=EXIT 21=TOP 22=END

USAA/KRUGER 000128

# EXHIBIT P



# AUTOMOBILE POLICY PACKET

046842

TAMI LYNN KAPPHAHN
7543 W CINNABAR AVE
PEORIA AZ 85345-6775

CIC    01644 12 00 7102  9

**POLICY PERIOD:**   EFFECTIVE JUN 18 2007 TO AUG 12 2007

## IMPORTANT MESSAGES

Refer to your Declarations Page and endorsements to verify that coverages, limits, deductibles and other policy details are correct and meet your insurance needs. Required information forms are also enclosed for your review.

We have provided your ID cards in this packet. You can use the cards
to show proof of insurance, if necessary.

This is not a bill. Any premium charge or change for this policy will be reflected on your next regular monthly statement. Your current billing statement should still be paid by the due date indicated.

**To receive this document and others electronically, or manage your Auto Policy online, go to usaa.com.**

For U.S. calls:   Policy Service (800) 531-8111. Claims (800) 531-8222.

ACS1

49708-0406

USAA/KRUGER 000300

**THIS PAGE INTENTIONALLY LEFT BLANK**

USAA/KRUGER 000301

## ARIZONA AUTOMOBILE INSURANCE IDENTIFICATION CARDS

### DON'T HAVE AN "IDENTITY CRISIS".

The state of Arizona requires you to show evidence of financial responsibility when registering your motor vehicle, and upon request of a law enforcement officer.

To assist you with this requirement, we have attached two ID cards for each of your motor vehicles insured for liability. Give one card to the Motor Vehicle Division when you register your vehicle. Keep the other card in your motor vehicle at all times.

For your convenience, you can request a duplicate Auto Insurance ID card on-line at **usaa.com.**

**53AZ**1  Rev. 3-01

07/11/07

---

**ARIZONA AUTOMOBILE INSURANCE CARD**
USAA CASUALTY INSURANCE COMPANY
9800 Fredericksburg Road
San Antonio, TX 78288

INSURED
TAMI LYNN KAPPHAHN
DANIEL M KRUGER

ADOT CODE          POLICY NUMBER
0543               01644 12 00C 7102 9

EFFECTIVE          EXPIRATION
06/18/07           08/12/07

YEAR      MAKE      VIN
2006      DODGE     1D4GP45R06B629380

---

**ARIZONA AUTOMOBILE INSURANCE CARD**
USAA CASUALTY INSURANCE COMPANY
9800 Fredericksburg Road
San Antonio, TX 78288

INSURED
TAMI LYNN KAPPHAHN
DANIEL M KRUGER

ADOT CODE          POLICY NUMBER
0543               01644 12 00C 7102 9

EFFECTIVE          EXPIRATION
06/18/07           08/12/07

YEAR      MAKE      VIN
2006      DODGE     1D4GP45R06B629380

USAA/KRUGER 000302

# ID CARDS

Coverage meets the limits required by law. Arizona law requires evidence of insurance be carried in the vehicle at all times.

Coverage automatically extends to a newly acquired car until a new card can be issued.

FOR POLICY SERVICE, CALL
    1-800-531-8111
FOR AUTO/PROPERTY CLAIMS, CALL
    1-800-531-8222

# ID CARDS

Coverage meets the limits required by law. Arizona law requires evidence of insurance be carried in the vehicle at all times.

Coverage automatically extends to a newly acquired car until a new card can be issued.

FOR POLICY SERVICE, CALL
    1-800-531-8111
FOR AUTO/PROPERTY CLAIMS, CALL
    1-800-531-8222

USAA/KRUGER 000303

**USAA CASUALTY INSURANCE COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg Road – San Antonio, Texas 78288

ARIZONA AUTO POLICY
AMENDED DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

ADDL INFO ON NEXT PAGE   MAIL MCH-M-I
AMENDMENT TO

| State | 02 | | | | | Veh | | POLICY NUMBER |
|---|---|---|---|---|---|---|---|---|
| AZ | 166 | | | | | Terr | | 01644 12 00C 7102 9 |

POLICY PERIOD:   (12:01 A.M. standard time)
EFFECTIVE JUN 18 2007 TO AUG 12 2007

OPERATORS
01 TAMI LYNN KAPPHAHN

**Named Insured and Address**

TAMI LYNN KAPPHAHN
7543 W CINNABAR AVE
PEORIA AZ 85345-6775

**Description of Vehicle(s)**

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | VEH USE* SYM | WORK/SCHOOL Miles One Way | Days Per Week |
|---|---|---|---|---|---|---|---|---|---|
| 02 | 06 | DODGE | CARAVAN SXT | WAG 4X2 4D | 12000 | 1D4GP45R06B629380 | 10 | P | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. *W/C=Work/School; B=Business; F=Farm; P=Pleasure
VEH 02   PEORIA AZ 85345-6775

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.

| COVERAGES          LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH 02 6-MONTH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ |
|---|---|---|---|---|---|---|---|---|
| PART A – LIABILITY | | | | | | | | |
| BODILY INJURY    EA PER $  300,000 | | | | | | | | |
| EA ACC $  500,000 | | 100.13 | | | | | | |
| PROPERTY DAMAGE EA ACC $   50,000 | | 59.19 | | | | | | |
| PART B – MEDICAL PAYMENTS | | | | | | | | |
| EA PER $    2,000 | | 33.38 | | | | | | |
| EXTENDED BENEFITS | | | | | | | | |
| WAGE EARNER DISAB    $500 PER 30-DAY PERIOD | | | | | | | | |
| ESSENTIAL SVCS DISAB $45 WK | | 4.14 | | | | | | |
| PART C – UNINSURED MOTORISTS | | | | | | | | |
| BODILY INJURY    EA PER $  300,000 | | | | | | | | |
| EA ACC $  500,000 | | 35.32 | | | | | | |
| PART C – UNDERINSURED MOTORISTS | | | | | | | | |
| BODILY INJURY    EA PER $  300,000 | | | | | | | | |
| EA ACC $  500,000 | | 18.03 | | | | | | |
| PART D – PHYSICAL DAMAGE COVERAGE | | | | | | | | |
| COMPREHENSIVE LOSS    ACV LESS | D 300 | 72.64 | | | | | | |
| TOTAL PREMIUM – SEE FOLLOWING PAGE(S) | | | | | | | | |

VEH 02  ADDNL INTEREST – CO-OWNER DANIEL M KRUGER,
  PEORIA, AZ  ENDT A073 APPLIES
LOSS PAYEE
VEH 02  FRANKLIN CAPITAL, SALT LAKE CITY  UT

ENDORSEMENTS: ADDED 06-18-07 –  A073(04)
REMAIN IN EFFECT(REFER TO PREVIOUS POLICY)-  A400AZ(04)  5100AZ(01)  A100AZ(10)
  A142(01)
E1

| 02| RSF30000D0 | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas,
on this date    JULY 11, 2007

*Steven Alan Bennett*, Secretary          *Stuart Parker*, President

5000 C

USAA/KRUGER 000304

**USAA CASUALTY INSURANCE COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg Road – San Antonio, Texas 78288

ARIZONA AUTO POLICY
AMENDED DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

| State | 02 | | | Van | | POLICY NUMBER |
|---|---|---|---|---|---|---|
| AZ | 166 | | | Terr | | 01644 12 00C 7102 9 |

POLICY PERIOD:          (12:01 A.M. standard time)
EFFECTIVE JUN 18 2007 TO AUG 12 2007

**Named Insured and Address**

TAMI LYNN KAPPHAHN
7543 W CINNABAR AVE
PEORIA AZ 85345-6775

**Description of Vehicle(s)**

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE | WORK/SCHOOL Miles One Way | Days Per Week |
|---|---|---|---|---|---|---|---|---|---|---|
| 02 | 06 | DODGE | CARAVAN SXT | WAG 4X2 4D | 12000 | 1D4GP45R06B629380 | 10 | P | | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. •W/C=Work/School; B=Business; I=Farm;P=Pleasure
VEH 02   PEORIA AZ 85345-6775

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy

| COVERAGES          LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH 02 D=DED AMOUNT | 6-MONTH PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ |
|---|---|---|---|---|---|---|---|---|
| PART D - PHYSICAL DAMAGE COVERAGE | | | | | | | | |
| COLLISION LOSS          ACV LESS | D 250 | 112.14 | | | | | | |
| FULL SAFETY GLASS COV | | INCL | | | | | | |
| | | | | | | | | |
| VEHICLE TOTAL PREMIUM | | 434.97 | | | | | | |

----------------------------------ADJUSTMENT REASON----------------------------------
CHANGE IN OPERATOR STATUS OP 01   ADDED VEH 02   DELETION OF VEH 01 (00 DODGE)

REVISED 6 MONTH PREMIUM...$ | 434.97   6 MONTH DECREASE...$ | 10.13
PRORATED DECREASE...$ 3.15

THE FOLLOWING COVERAGE(S) DEFINED IN THIS POLICY ARE NOT PROVIDED FOR:
VEH 02 - RENTAL REIMBURSEMENT, TOWING AND LABOR

| 02| RSF30000 |

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas,
on this date   JULY 11, 2007

Steven Alan Bennett, Secretary          Stuart Parker, President

5000 C

USAA/KRUGER 000305



**SUPPLEMENTAL INFORMATION**

EFFECTIVE JUN 18 2007 TO AUG 12 2007

The following approximate premium discounts or credits have already been applied to reduce your policy premium costs.

NOTE: Age or **senior citizen** status, if allowed by your state/location, was taken into consideration when your rates were set and your premiums have already been adjusted.

```
VEHICLE 02
  NEW VEHICLE DISCOUNT                -$    30.17
  PASSIVE RESTRAINT DISCOUNT          -$     6.62
  PREMIER DRIVER DISCOUNT             -$    24.39
  VEHICLE EXPERIENCE DISCOUNT         -$    15.07
```

**SUPDECCW** Rev. 7-95              JULY 11, 2007

USAA/KRUGER 000306

## ADDITIONAL COVERED PERSON ENDORSEMENT

This endorsement forms a part of the auto policy to which it is attached. It is effective from the policy effective date or from the date shown on the amended Declarations.

**We** agree that, with respect to the covered auto described in the Declarations, Part A, Liability Coverage, applies to each additional covered person named in the Declarations, but only to the extent that such additional covered person qualifies as a **covered person** under Definition No. 3 of **covered person** in Part A of the policy. Our inclusion of this additional covered person does not operate to increase the limits shown in the Declarations.

This additional covered person is not responsible for the payment of any premiums. Any premiums returned and any dividend **we** may declare will be paid to the named insured.

The named insured is authorized to act for the additional covered person in all matters pertaining to this insurance.

**We** further agree that if the named insured elects to cancel the policy, **we** will mail a written notice of the cancellation and its effective date to the additional covered person at the address shown in the Declarations. If **we** decide to cancel the policy, **we** will give the same advance notice of cancellation to the additional covered person as **we** give to the named insured shown in the Declarations.

Countersigned by:

**A073(04)** Rev. 9-98

USAA/KRUGER 000307



# AUTOMOBILE POLICY PACKET

046843

TAMI LYNN KAPPHAHN
7543 W CINNABAR AVE
PEORIA AZ 85345-6775

CIC 01644 12 00 7102 9

**POLICY PERIOD:** EFFECTIVE AUG 24 2007 TO FEB 12 2008

## IMPORTANT MESSAGES

Refer to your Declarations Page and endorsements to verify that coverages, limits, deductibles and other policy details are correct and meet your insurance needs. Required information forms are also enclosed for your review.

This is not a bill. Any premium charge or change for this policy will be reflected on your next regular monthly statement. Your current billing statement should still be paid by the due date indicated.

**To receive this document and others electronically, or manage your Auto Policy online, go to usaa.com.**

For U.S. calls: Policy Service (800) 531-8111. Claims (800) 531-8222.

ACS1

49708-0406

USAA/KRUGER 000308

**THIS PAGE INTENTIONALLY LEFT BLANK**

USAA/KRUGER 000309

**USAA CASUALTY INSURANCE COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg Road – San Antonio, Texas 78288

ARIZONA AUTO POLICY
AMENDED DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

ADDL INFO ON NEXT PAGE   MAIL MCH-M-1
AMENDMENT TO

| State | 01 | | | | Veh | | POLICY NUMBER |
|---|---|---|---|---|---|---|---|
| AZ | 172 | | | | Terr | | 01644 12 00C 7102 9 |

POLICY PERIOD:        (12:01 A.M. standard time)
EFFECTIVE AUG 24 2007 TO FEB 12 2008

OPERATORS
01 TAMI LYNN KAPPHAHN

**Named Insured and Address**

TAMI LYNN KAPPHAHN
7543 W CINNABAR AVE
PEORIA AZ 85345-6775

**Description of Vehicle(s)**

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE* Miles One Way | WORK/SCHOOL Days Per Week |
|---|---|---|---|---|---|---|---|---|---|
| 01 | 00 | DODGE | NEON HGLN/ES | SED 4D | 12000 | 1B3ES46C9YD872112 | 14 | P | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated.  *W/C=Work/School; B=Business; F=Farm; P=Pleasure
VEH 01   PHOENIX AZ 85043-2043

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.

| COVERAGES            LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH 01 6-MONTH | | VEH | | VEH | | VEH | |
|---|---|---|---|---|---|---|---|---|
| | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ |
| PART A - LIABILITY | | | | | | | | |
| BODILY INJURY    EA PER $   300,000 | | | | | | | | |
| EA ACC $   500,000 | | 168.74 | | | | | | |
| PROPERTY DAMAGE EA ACC $    50,000 | | 92.25 | | | | | | |
| PART B - MEDICAL PAYMENTS | | | | | | | | |
| EA PER $     2,000 | | 35.12 | | | | | | |
| EXTENDED BENEFITS | | | | | | | | |
| WAGE EARNER DISAB    $500 PER 30-DAY PERIOD | | | | | | | | |
| ESSENTIAL SVCS DISAB $45 WK | | 3.83 | | | | | | |
| PART C - UNINSURED MOTORISTS | | | | | | | | |
| BODILY INJURY    EA PER $   300,000 | | | | | | | | |
| EA ACC $   500,000 | | 33.91 | | | | | | |
| PART C - UNDERINSURED MOTORISTS | | | | | | | | |
| BODILY INJURY    EA PER $   300,000 | | | | | | | | |
| EA ACC $   500,000 | | 17.55 | | | | | | |
| PART D - PHYSICAL DAMAGE COVERAGE | | | | | | | | |
| COMPREHENSIVE LOSS       ACV LESS | D 300 | 70.55 | | | | | | |
| COLLISION LOSS           ACV LESS | D 250 | 136.76 | | | | | | |
| FULL SAFETY GLASS COV | | INCL | | | | | | |

TOTAL PREMIUM - SEE FOLLOWING PAGE(S)

LOSS PAYEE
VEH 01   WELLS FARGO AUTO FINANCE, CORAOPOLIS   PA   56229580102688371

ENDORSEMENTS: ADDED 08-24-07 -  NONE
REMAIN IN EFFECT(REFER TO PREVIOUS POLICY)-  A400AZ(04)   5100AZ(01)   A100AZ(10)
  A142(01)

E1

: 01 RSF30D0000

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas,
on this date   JULY 11, 2007

Steven Alan Bennett, Secretary

Stuart Parker, President

5000 C

USAA/KRUGER 000310

**USAA CASUALTY INSURANCE COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg Road - San Antonio, Texas 78288

ARIZONA AUTO POLICY
AMENDED DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

| State | | | | | Veh | | POLICY NUMBER |
|---|---|---|---|---|---|---|---|
| AZ | | | | | Terr | | 01644 12 00C 7102 9 |

POLICY PERIOD:        (12:01 A.M. standard time)
EFFECTIVE AUG 24 2007 TO FEB 12 2008

**Named Insured and Address**

TAMI LYNN KAPPHAHN
7543 W CINNABAR AVE
PEORIA AZ 85345-6775

**Description of Vehicle(s)**

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE | WORK/SCHOOL Miles One Way | Days Per Week |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. W/C=Work/School; B=Business; F=Farm; P=Pleasure

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.

| COVERAGES  LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH | | VEH | | VEH | | VEH | |
|---|---|---|---|---|---|---|---|---|
| | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ |
| VEHICLE TOTAL PREMIUM | | 558.71 | | | | | | |

----------------------------ADJUSTMENT REASON---------------------------
CHANGE IN LOCATION VEH 01

    REVISED 6 MONTH PREMIUM...$  558.71  6 MONTH INCREASE...$  124.12
               PRORATED INCREASE...$  115.98

THE FOLLOWING COVERAGE(S) DEFINED IN THIS POLICY ARE NOT PROVIDED FOR:
  VEH 01 - RENTAL REIMBURSEMENT, TOWING AND LABOR

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas,
on this date    JULY 11, 2007

Steven Alan Bennett, Secretary          Stuart Parker, President

5000 C

USAA/KRUGER 000311



**SUPPLEMENTAL INFORMATION**

EFFECTIVE AUG 24 2007 TO FEB 12 2008

The following approximate premium discounts or credits have already been applied to reduce your policy premium costs.

NOTE: Age or **senior citizen** status, if allowed by your state/location, was taken into consideration when your rates were set and your premiums have already been adjusted.

VEHICLE 01
   PASSIVE RESTRAINT DISCOUNT                    -$      6.88
   PREMIER DRIVER DISCOUNT                       -$     38.05



**USAA**®

# AUTOMOBILE POLICY PACKET

046844

TAMI LYNN KAPPHAHN
7543 W CINNABAR AVE
PEORIA AZ 85345-6775

CIC    01644 12 00  7102   9

**POLICY PERIOD:**   EFFECTIVE AUG 12 2007 TO FEB 12 2008

## IMPORTANT MESSAGES

Refer to your Declarations Page and endorsements to verify that coverages, limits, deductibles and other policy details are correct and meet your insurance needs. Required information forms are also enclosed for your review.

> We have provided your ID cards in this packet.  You can use the cards
> to show proof of insurance, if necessary.

This is not a bill.  Any premium charge or change for this policy will be reflected on your next regular monthly statement. Your current billing statement should still be paid by the due date indicated.

**To receive this document and others electronically, or manage your Auto Policy online, go to usaa.com.**

For U.S. calls:   Policy Service (800) 531-8111. Claims (800) 531-8222.

ACS1

49708-0406

USAA/KRUGER 000313

THIS PAGE INTENTIONALLY LEFT BLANK

USAA/KRUGER 000314

### ARIZONA AUTOMOBILE INSURANCE IDENTIFICATION CARDS

### DON'T HAVE AN "IDENTITY CRISIS".

The state of Arizona requires you to show evidence of financial responsibility when registering your motor vehicle, and upon request of a law enforcement officer.

To assist you with this requirement, we have attached two ID cards for each of your motor vehicles insured for liability. Give one card to the Motor Vehicle Division when you register your vehicle. Keep the other card in your motor vehicle at all times.

For your convenience, you can request a duplicate Auto Insurance ID card on-line at **usaa.com.**

**53AZ1**  Rev. 3-01

07/11/07

---

**ARIZONA AUTOMOBILE INSURANCE CARD**
USAA CASUALTY INSURANCE COMPANY
9800 Fredericksburg Road
San Antonio, TX 78288

INSURED
TAMI LYNN KAPPHAHN
DANIEL M KRUGER

| ADOT CODE | POLICY NUMBER |
|-----------|---------------|
| 0543 | 01644 12 00C 7102 9 |

| EFFECTIVE | EXPIRATION |
|-----------|------------|
| 08/12/07 | 02/12/08 |

| YEAR | MAKE | VIN |
|------|------|-----|
| 2006 | DODGE | 1D4GP45R06B629380 |

---

**ARIZONA AUTOMOBILE INSURANCE CARD**
USAA CASUALTY INSURANCE COMPANY
9800 Fredericksburg Road
San Antonio, TX 78288

INSURED
TAMI LYNN KAPPHAHN
DANIEL M KRUGER

| ADOT CODE | POLICY NUMBER |
|-----------|---------------|
| 0543 | 01644 12 00C 7102 9 |

| EFFECTIVE | EXPIRATION |
|-----------|------------|
| 08/12/07 | 02/12/08 |

| YEAR | MAKE | VIN |
|------|------|-----|
| 2006 | DODGE | 1D4GP45R06B629380 |

USAA/KRUGER 000315

## ID CARDS

## ID CARDS

Coverage meets the limits required by law.
Arizona law requires evidence of
insurance be carried in the vehicle at all
times.

Coverage automatically extends to a newly
acquired car until a new card can be
issued.

FOR POLICY SERVICE, CALL
    1-800-531-8111
FOR AUTO/PROPERTY CLAIMS, CALL
    1-800-531-8222

Coverage meets the limits required by law.
Arizona law requires evidence of
insurance be carried in the vehicle at all
times.

Coverage automatically extends to a newly
acquired car until a new card can be
issued.

FOR POLICY SERVICE, CALL
    1-800-531-8111
FOR AUTO/PROPERTY CLAIMS, CALL
    1-800-531-8222

USAA/KRUGER 000316

**USAA CASUALTY INSURANCE COMPANY**

ADDL INFO ON NEXT PAGE   MAIL MCH-M-I
AMENDMENT TO

(A Stock Insurance Company)
9800 Fredericksburg Road – San Antonio, Texas 78288

ARIZONA AUTO POLICY
AMENDED DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

| State 02 | | Veh | POLICY NUMBER |
|---|---|---|---|
| AZ 166 | | Terr | 01644 12 00C 7102 9 |

POLICY PERIOD:      (12:01 A.M. standard time)
EFFECTIVE AUG 12 2007 TO FEB 12 2008

OPERATORS
01 TAMI LYNN KAPPHAHN

**Named Insured and Address**

TAMI LYNN KAPPHAHN
7543 W CINNABAR AVE
PEORIA AZ 85345-6775

**Description of Vehicle(s)**

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE | WORK/SCHOOL Miles One Way | Days Per Week |
|---|---|---|---|---|---|---|---|---|---|---|
| 02 | 06 | DODGE | CARAVAN SXT | WAG 4X2 4D | 12000 | 1D4GP45R06B629380 | 10 | P | | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. *W/C-Work/School; B-Business; F-Farm; P-Pleasure
VEH 02   PEORIA AZ 85345-6775

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.

| COVERAGES            LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH 02 6-MONTH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ |
|---|---|---|---|---|---|---|---|---|
| PART A - LIABILITY | | | | | | | | |
| BODILY INJURY    EA PER $   300,000 | | | | | | | | |
| EA ACC $   500,000 | | 94.47 | | | | | | |
| PROPERTY DAMAGE EA ACC $    50,000 | | 53.15 | | | | | | |
| PART B - MEDICAL PAYMENTS | | | | | | | | |
| EA PER $     2,000 | | 28.99 | | | | | | |
| EXTENDED BENEFITS | | | | | | | | |
| WAGE EARNER DISAB    $500 PER 30-DAY PERIOD | | | | | | | | |
| ESSENTIAL SVCS DISAB $45 WK | | 3.83 | | | | | | |
| PART C - UNINSURED MOTORISTS | | | | | | | | |
| BODILY INJURY    EA PER $   300,000 | | | | | | | | |
| EA ACC $   500,000 | | 33.91 | | | | | | |
| PART C - UNDERINSURED MOTORISTS | | | | | | | | |
| BODILY INJURY    EA PER $   300,000 | | | | | | | | |
| EA ACC $   500,000 | | 17.55 | | | | | | |
| PART D - PHYSICAL DAMAGE COVERAGE | | | | | | | | |
| COMPREHENSIVE LOSS    ACV LESS  D 300 | | 59.59 | | | | | | |
| TOTAL PREMIUM - SEE FOLLOWING PAGE(S) | | | | | | | | |

VEH 02   ADDNL INTEREST - CO-OWNER DANIEL M KRUGER,
   PEORIA, AZ  ENDT A073 APPLIES
LOSS PAYEE
VEH 02   FRANKLIN CAPITAL, SALT LAKE CITY  UT

ENDORSEMENTS: ADDED 08-12-07 -  NONE
REMAIN IN EFFECT(REFER TO PREVIOUS POLICY)-  A073(04)   A400AZ(04)   5100AZ(01)
   A100AZ(10)   A142(01)
EI
02 RSF30D0000

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas,
on this date   JULY 11, 2007

Steven Alan Bennett, Secretary          Stuart Parker, President

5000 C

USAA/KRUGER 000317

**USAA CASUALTY INSURANCE COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg Road - San Antonio, Texas 78288

ARIZONA AUTO POLICY
AMENDED DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

| State | 02 | | | | | | Veh | | **POLICY NUMBER** |
|---|---|---|---|---|---|---|---|---|---|
| AZ | 166 | | | | | | Terr | | 01644 12 00C 7102 9 |

POLICY PERIOD: (12:01 A.M. standard time)
EFFECTIVE AUG 12 2007 TO FEB 12 2008

**Named Insured and Address**

TAMI LYNN KAPPHAHN
7543 W CINNABAR AVE
PEORIA AZ 85345-6775

**Description of Vehicle(s)**

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE | Miles Use Way | Days to Week |
|---|---|---|---|---|---|---|---|---|---|---|
| 02 | 06 | DODGE | CARAVAN SXT | WAG 4X2 4D | 12000 | 1D4GP45R06B629380 | 10 | P | | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. W/C=Work/School; B=Business; F=Farm; P=Pleasure

VEH 02  PEORIA AZ 85345-6775

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.

| COVERAGES LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH 02 6-MONTH | | VEH | | VEH | | VEH | |
|---|---|---|---|---|---|---|---|---|
| | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ | D=DED AMOUNT | PREMIUM $ |
| PART D - PHYSICAL DAMAGE COVERAGE COLLISION LOSS          ACV LESS FULL SAFETY GLASS COV | D 250 | 105.26 INCL | | | | | | |
| VEHICLE TOTAL PREMIUM | | 396.75 | | | | | | |

----------------------------ADJUSTMENT REASON----------------------------

CHANGE IN OPERATOR STATUS OP 01   ADDED VEH 02    DELETION OF VEH 01 (00 DODGE)

REVISED 6 MONTH PREMIUM...$ 396.75   6 MONTH DECREASE...$ 37.84

THE FOLLOWING COVERAGE(S) DEFINED IN THIS POLICY ARE NOT PROVIDED FOR:
VEH 02 - RENTAL REIMBURSEMENT, TOWING AND LABOR

02 RSF300000

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas,
on this date   JULY 11, 2007

Steven Alan Bennett, Secretary

Stuart Parker, President

5000 C

USAA/KRUGER 000318



**SUPPLEMENTAL INFORMATION**

EFFECTIVE AUG 12 2007 TO FEB 12 2008

The following approximate premium discounts or credits have already been applied to reduce your policy premium costs.

NOTE: Age or **senior citizen** status, if allowed by your state/location, was taken into consideration when your rates were set and your premiums have already been adjusted.

```
VEHICLE 02
   NEW VEHICLE DISCOUNT              -$     27.47
   PASSIVE RESTRAINT DISCOUNT        -$      5.80
   PREMIER DRIVER DISCOUNT           -$     25.87
   VEHICLE EXPERIENCE DISCOUNT       -$     13.97
```

**SUPDECCW Rev. 7-95**          JULY 11, 2007

USAA/KRUGER 000319



**USAA®**

### AUTOMOBILE POLICY PACKET

046845

TAMI LYNN KAPPHAHN
7543 W CINNABAR AVE
PEORIA AZ 85345-6775

CIC     01644 12 00 7102 9

**POLICY PERIOD:**  EFFECTIVE AUG 24 2007 TO FEB 12 2008

### IMPORTANT MESSAGES

Refer to your Declarations Page and endorsements to verify that coverages, limits, deductibles and other policy details are correct and meet your insurance needs. Required information forms are also enclosed for your review.

This is not a bill. Any premium charge or change for this policy will be reflected on your next regular monthly statement. Your current billing statement should still be paid by the due date indicated.

**To receive this document and others electronically, or manage your Auto Policy online, go to usaa.com.**

For U.S. calls:  Policy Service (800) 531-8111. Claims (800) 531-8222.

USAA/KRUGER 000320

**THIS PAGE INTENTIONALLY LEFT BLANK**

USAA/KRUGER 000321

# USAA CASUALTY INSURANCE COMPANY

**(A Stock Insurance Company)**
9800 Fredericksburg Road – San Antonio, Texas 78288

### ARIZONA AUTO POLICY
### AMENDED DECLARATIONS
### (ATTACH TO PREVIOUS POLICY)

AMENDMENT TO

| State | 02 | | Veh | | **POLICY NUMBER** |
|---|---|---|---|---|---|
| AZ | 166 | | Terr | | 01644 12 00C 7102 9 |

POLICY PERIOD:        (12:01 A.M. standard time)
EFFECTIVE AUG 24 2007 TO FEB 12 2008

**OPERATORS**
01 TAMI LYNN KAPPHAHN

**Named Insured and Address**

TAMI LYNN KAPPHAHN
7543 W CINNABAR AVE
PEORIA AZ 85345-6775

## Description of Vehicle(s)

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE* Miles One Way | WORK/SCHOOL Days Per Week |
|---|---|---|---|---|---|---|---|---|---|
| 02 | 06 | DODGE | CARAVAN SXT | WAG 4X2 4D | 12000 | 1D4GP45R06B629330 | 10 | P | |

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. *W/C=Work/School; B=Business; F=Farm; P=Pleasure
VEH 02   PEORIA AZ 85345-6775

**This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.**

| COVERAGES     LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH 02 6-MONTH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ |
|---|---|---|---|---|---|---|---|---|
| PART A – LIABILITY | | | | | | | | |
| BODILY INJURY      EA PER $   300,000 | | | | | | | | |
| EA ACC $   500,000 | | 94.47 | | | | | | |
| PROPERTY DAMAGE EA ACC $    50,000 | | 53.15 | | | | | | |
| PART B – MEDICAL PAYMENTS | | | | | | | | |
| EA PER $     2,000 | | 28.99 | | | | | | |
| EXTENDED BENEFITS | | | | | | | | |
| WAGE EARNER DISAB     $500 PER 30-DAY PERIOD | | | | | | | | |
| ESSENTIAL SVCS DISAB $45 WK | | 3.83 | | | | | | |
| PART C – UNINSURED MOTORISTS | | | | | | | | |
| BODILY INJURY      EA PER $   300,000 | | | | | | | | |
| EA ACC $   500,000 | | 33.91 | | | | | | |
| PART C – UNDERINSURED MOTORISTS | | | | | | | | |
| BODILY INJURY      EA PER $   300,000 | | | | | | | | |
| EA ACC $   500,000 | | 17.55 | | | | | | |
| PART D – PHYSICAL DAMAGE COVERAGE | | | | | | | | |
| COMPREHENSIVE LOSS      ACV LESS | D 300 | 59.59 | | | | | | |
| COLLISION LOSS      ACV LESS | D 250 | 105.26 | | | | | | |
| FULL SAFETY GLASS COV | | INCL | | | | | | |

TOTAL PREMIUM - SEE FOLLOWING PAGE(S)

VEH 02  ADDNL INTEREST - CO-OWNER DANIEL M KRUGER,
  PEORIA, AZ   ENDT A073 APPLIES
LOSS PAYEE
VEH 02   FRANKLIN CAPITAL, SALT LAKE CITY   UT
E1

| 02 | RSF30000 | | | E | | | | | | | |

**In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas,**
on this date   JULY 11, 2007

Steven Alan Bennett, Secretary

Stuart Parker, President

5000 C

USAA/KRUGER 000322

**USAA CASUALTY INSURANCE COMPANY**

(A Stock Insurance Company)
9800 Fredericksburg Road – San Antonio, Texas 78288

ARIZONA AUTO POLICY
AMENDED DECLARATIONS
(ATTACH TO PREVIOUS POLICY)

| State | Veh | POLICY NUMBER |
|---|---|---|
| AZ | Terr | 01644 12 00C 7102 9 |

POLICY PERIOD: (12:01 A.M. standard time)
EFFECTIVE AUG 24 2007 TO FEB 12 2008

**Named Insured and Address**

TAMI LYNN KAPPHAHN
7543 W CINNABAR AVE
PEORIA AZ 85345-6775

**Description of Vehicle(s)**

| VEH | YEAR | TRADE NAME | MODEL | BODY TYPE | ANNUAL MILEAGE | IDENTIFICATION NUMBER | SYM | VEH USE | Miles One Way | Days Per Week |
|---|---|---|---|---|---|---|---|---|---|---|

The Vehicle(s) described herein is principally garaged at the above address unless otherwise stated. •W/C=Work/School; B=Business; F=Farm; P=Pleasure

This policy provides ONLY those coverages where a premium is shown below. The limits shown may be reduced by policy provisions and may not be combined regardless of the number of vehicles for which a premium is listed unless specifically authorized elsewhere in this policy.

| COVERAGES    LIMITS OF LIABILITY ("ACV" MEANS ACTUAL CASH VALUE) | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ | VEH D=DED AMOUNT | PREMIUM $ |
|---|---|---|---|---|---|---|---|---|
| VEHICLE TOTAL PREMIUM | | 396.75 | | | | | | |

--------REAPPLY PREVIOUS TRANSACTION(S) EFFECTIVE 08-24-07 OF $  115.98---------
CHANGE IN OPERATOR STATUS OP 01   ADDED VEH 02

REVISED 6 MONTH PREMIUM...$  396.75  6 MONTH INCREASE...$   0.00
PRORATED DECREASE...$  153.82

THE FOLLOWING COVERAGE(S) DEFINED IN THIS POLICY ARE NOT PROVIDED FOR:
VEH 02 - RENTAL REIMBURSEMENT, TOWING AND LABOR

In WITNESS WHEREOF, we have caused this policy to be signed by our President and Secretary at San Antonio, Texas, on this date  JULY 11, 2007

Steven Alan Bennett, Secretary          Stuart Parker, President

5000 C

USAA/KRUGER 000323



**SUPPLEMENTAL INFORMATION**

EFFECTIVE AUG 24 2007 TO FEB 12 2008

The following approximate premium discounts or credits have already been applied to reduce your policy premium costs.

NOTE: Age or senior citizen status, if allowed by your state/location, was taken into consideration when your rates were set and your premiums have already been adjusted.

```
VEHICLE 02
   NEW VEHICLE DISCOUNT                    -$    27.47
   PASSIVE RESTRAINT DISCOUNT             -$     5.80
   PREMIER DRIVER DISCOUNT                -$    25.87
   VEHICLE EXPERIENCE DISCOUNT            -$    13.97
```

**SUPDECCW** Rev. 7-95        JULY 11, 2007

USAA/KRUGER 000324



**USAA®**

# AUTOMOBILE POLICY PACKET

038819

TAMI LYNN KAPPHAHN
7543 W CINNABAR AVE
PEORIA AZ 85345-6775

CIC    01644 12 00 7102  9

**POLICY PERIOD:**  EFFECTIVE AUG 12 2007 TO FEB 12 2008

## IMPORTANT MESSAGES

Refer to your Declarations Page and endorsements to verify that coverages, limits, deductibles and other policy details are correct and meet your insurance needs. Required information forms are also enclosed for your review.

This policy provides limited coverage for injury to any family member caused by another family member. Please see your Auto Policy, Part A, Limit of Liability.

Thank you for renewing your policy and allowing us to continue servicing your insurance needs. If you have any concerns or need to modify or cancel the renewal policy, please contact us immediately.

Your Uninsured Motorists Coverage (UM) and Underinsured Motorists Coverage (UIM) selection/rejection remains in effect. You may quote different coverage limits and make changes at any time to your policy on usaa.com. Or you may call us at 800-531-8111.

USAA considers many factors when determining your premium. Maintaining safe driving habits is one of the most important steps you can take in keeping your premium as low as possible. A history of claim or driving activity and your USAA payment history may affect your policy premium.

We have provided your ID cards in this packet. You can use the cards to show proof of insurance, if necessary.

This is not a bill. Any premium charge or change for this policy will be reflected on your next regular monthly statement. Your current billing statement should still be paid by the due date indicated.

**To receive this document and others electronically, or manage your Auto Policy online, go to usaa.com.**

For U.S. calls:  Policy Service (800) 531-8111. Claims (800) 531-8222.

ACS1                                                                                    49708-0406

USAA/KRUGER 000325

THIS PAGE INTENTIONALLY LEFT BLANK

USAA/KRUGER 000326

**ARIZONA AUTOMOBILE INSURANCE IDENTIFICATION CARDS**

**DON'T HAVE AN "IDENTITY CRISIS".**

The state of Arizona requires you to show evidence of financial responsibility when registering your motor vehicle, and upon request of a law enforcement officer.

To assist you with this requirement, we have attached two ID cards for each of your motor vehicles insured for liability. Give one card to the Motor Vehicle Division when you register your vehicle. Keep the other card in your motor vehicle at all times.

For your convenience, you can request a duplicate Auto Insurance ID card on-line at **usaa.oom**.

**53AZ**1 Rev. 3-01

07/07/07

---

**ARIZONA AUTOMOBILE INSURANCE CARD**
USAA CASUALTY INSURANCE COMPANY
9800 Fredericksburg Road
San Antonio, TX 78288

INSURED
TAMI LYNN KAPPHAHN

ADOT CODE POLICY NUMBER
0543 01644 12 00C 7102 9

EFFECTIVE EXPIRATION
08/12/07 02/12/08

YEAR MAKE VIN
2000 DODGE 1B3ES46C9YD872112

---

**ARIZONA AUTOMOBILE INSURANCE CARD**
USAA CASUALTY INSURANCE COMPANY
9800 Fredericksburg Road
San Antonio, TX 78288

INSURED
TAMI LYNN KAPPHAHN

ADOT CODE POLICY NUMBER
0543 01644 12 00C 7102 9

EFFECTIVE EXPIRATION
08/12/07 02/12/08

YEAR MAKE VIN
2000 DODGE 1B3ES46C9YD872112

---

# ID CARDS

# ID CARDS

Coverage meets the limits required by law. Arizona law requires evidence of insurance be carried in the vehicle at all times.

Coverage automatically extends to a newly acquired car until a new card can be issued.

FOR POLICY SERVICE, CALL
    1-800-531-8111
FOR AUTO/PROPERTY CLAIMS, CALL
    1-800-531-8222

Coverage meets the limits required by law. Arizona law requires evidence of insurance be carried in the vehicle at all times.

Coverage automatically extends to a newly acquired car until a new card can be issued.

FOR POLICY SERVICE, CALL
    1-800-531-8111
FOR AUTO/PROPERTY CLAIMS, CALL
    1-800-531-8222

USAA/KRUGER 000328

## MINNESOTA AUTOMOBILE INSURANCE IDENTIFICATION CARDS

07/07/07

### DON'T HAVE AN "IDENTITY CRISIS".

You must show Evidence of Insurance, upon demand, to any law enforcement official of Minnesota.

To assist you with this requirement, we have attached an ID Card for each of your motor vehicles insured for liability coverage. Cut out your ID card and keep it with your motor vehicle at all times. Should you lose your ID card, contact us and we will issue you another one.

For your convenience, you can request a duplicate Auto Insurance ID card on-line at usaa.com.

**Pursuant to Minnesota Law, failure to provide proof of insurance at the request of a law enforcement official; or no later than the date and time specified in the citation for the driver's first court appearance, if a citation is issued; or within 10 days of receipt of a written notice, if a written notice is sent or given; is a misdemeanor punishable by up to a $700 fine and/or 90 days in jail, and revocation of driving privileges.**

**53MN1**                                                            **55062-0407**

---

USAA CASUALTY INSURANCE COMPANY
THIS CARD IS TO BE USED AS EVIDENCE OF INSURANCE.
KEEP IN YOUR VEHICLE AT ALL TIMES.

**MINNESOTA INSURANCE IDENTIFICATION CARD**

NAME    TAMI LYNN KAPPHAHN

POLICY
NUMBER    01644 12 00C 7102    9

EFFECTIVE                     EXPIRATION
DATE        08/12/07          DATE        02/12/08

2000        DODGE              1B3ES46C9YD872112
YEAR        MAKE               VEHICLE IDENTIFICATION NUMBER
9800 Fredericksburg Road          San Antonio, Texas 78288
Additional copies available at usaa.com

FOR POLICY SERVICE, CALL
    1-800-531-8111
FOR AUTO/PROPERTY CLAIMS, CALL
    1-800-531-8222

USAA/KRUGER 000329

# ID CARDS

# ID CARDS

IF YOU ARE INVOLVED IN AN ACCIDENT

1. Call an ambulance for anyone seriously injured.

2. Secure names and addresses of all persons in the other car.

3. Be sure to obtain names and addresses of all witnesses.

4. Obtain license number and State of registration of adverse vehicle.

5. Measure any skid marks made by either vehicle.

6. DO NOT ADMIT RESPONSIBILITY nor sign any statement except for the Company's claims representative.

7. Comply with State Laws by filing required Motor Vehicle Accident Report and send a copy to the Home Office.

8. DO NOT DISCLOSE YOUR POLICY LIMITS TO ANYONE.

9. Report immediately to nearest claims representative or to the Home Office. In case of emergency, WIRE US COLLECT.